DAVIDSON BROS. MARBLE COMPANY *v.* UNITED STATES ON THE RELATION OF GIBSON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 78.   Argued January 15, 1909.—Decided February 23, 1909.

*U. S. Fidelity Co.* v. *Struthers Wells Co.*, 209 U. S. 306, followed to effect that the act of February 24, 1905, c. 778, 33 Stat. 811, amending the act of August 13, 1894, c. 280, 28 Stat. 278, is prospective and does not control actions based on rights of material-men already accrued, but that such actions are controlled by the act of 1894.

As the act of August 13, 1894, c. 280, 28 Stat. 278, does not specify in which Federal court the action of a material-man claiming rights

thereunder must be brought, the question of jurisdiction is settled by the general statutory provisions relating thereto; and, under the act of March 3, 1887, c. 373, 24 Stat. 552, as corrected by the act of August 13, 1888, c. 866, 25 Stat. 433, a suit cannot be maintained in a district where the defendants do not reside.

The jurisdiction of the Circuit Court is fixed by statute, and a rule of court inconsistent with the statute is invalid.

A defendant, having a statutory right to appear specially and object to the jurisdiction and the right to appeal to this court if the objection be overruled, cannot be compelled by a rule of court to waive the objection and appear generally; and Rule 22 of the Circuit Court of the United States for the Ninth Circuit requiring a general appearance if the Circuit Court overrule such objection is inconsistent with § 918, Rev. Stat., and therefore invalid.

THIS case comes here from the Circuit Court of the United States for the Northern District of California, on the single question of the jurisdiction of that court.

The United States, on the relation of Murray Gibson, on November 20, 1906, brought this action against Davidson Bros. Marble Company, a corporation organized under the laws of the State of Illinois, and therefore, for jurisdictional purposes, a citizen of that State, and Samuel A. Tolman and John A. Tolman, citizens and residents of that State. Neither of the defendants was alleged to be an inhabitant of the district. The complaint set forth in substance the following cause of action: The Davidson Company on October 10, 1901, agreed, in writing, with the United States to construct a public building in San Francisco, in the Northern District of California. On October 18, 1901, the Davidson Company, as principal, and the two individual defendants as sureties, executed a bond running to the United States, conditioned that the Davidson Company should fulfill its contract with the United States and make payment to all persons supplying the Davidson Company with labor or materials in the prosecution of the work. Under a contract made on July 25, 1902, Gibson furnished to the Davidson Company certain labor and materials used in the prosecution of the work, for which a large sum is due and unpaid. No

suit was brought by the United States within six months after the completion of Davidson Company's contract with the United States, and thereafter Gibson applied to the Treasury Department and furnished an affidavit that he had supplied labor and materials for which payment had not been made. Whereupon, the department furnished him with a certified copy of the contract, and subsequently this action was begun. A writ of summons was issued to the defendants and served upon them personally in Illinois. Notice of the pendency of the suit was also given by publication. On January 9, 1907, the defendants appeared specially and filed a demurrer and a motion to quash service and to dismiss, which were, respectively, as follows:

*Demurrer.*

"The defendants . . . demur to the complaint of the plaintiff herein upon the following grounds: .

"First. That the court has no jurisdiction of the defendants or either of them.

"Second. That the plaintiff is not a resident or citizen of the Northern District of California in the Ninth Judicial Circuit or of the State of California.

"Third. That the defendants are not nor is either of them a resident or citizen of the Northern District of California in the Ninth Judicial Circuit or of the State of California.

"Fourth. That at the time of the commencement of this action the plaintiff, Murray Gibson, trading as John Gibson, was and now is a citizen and resident of the State of Pennsylvania, and that at the time of the commencement of this action the defendants were, and each of them was, and now is, a citizen and resident of the State of Illinois.

"Fifth. That this court has no jurisdiction of the subject of the action.

."Sixth. That this court has no jurisdiction of the controversy alleged in the complaint.

"Wherefore the defendants pray to be hence dismissed with their cost."

*Motion to quash.*

"The defendants above named and each of them hereby appear specially in the above-entitled cause for the purpose only of moving the said court to quash and set aside the service of the summons in the said cause and to dismiss the said action upon the ground that the said court has no jurisdiction of the persons of the defendants, and upon the further ground that the said court has no jurisdiction of the person of the plaintiff, and upon the further ground that neither the plaintiff nor the defendants or any or either of them are citizens of the State of California or residents of the Northern District of California in the Ninth Judicial Circuit, and upon the further ground that the said court has no jurisdiction of the controversy at issue. The said motion will be based upon the complaint of the plaintiff, and all subsequent proceedings and the return of service of said summons herein."

The motion to quash was denied and the demurrer was overruled. The defendants declined to plead further, a judgment was entered against them for the amount claimed in the complaint, and thereupon the defendants by writ of error brought the question of jurisdiction directly to this court.

The law in force at the time the contract with the United States, the bond given to the United States and the contract with Gibson were made, is the act of August 13, 1894, 28 Stat. 278, c. 280, which is as follows:

"That hereafter any person or persons entering into a formal contract with the United States for the construction of any public building, or the prosecution and completion of any public work, or for repairs upon any public building or public work, shall be required before commencing such work to execute the usual penal bond, with good and sufficient sureties, with the additional obligations that such contractor or contractors shall promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work provided for in such contract; and any person or persons making application therefor, and furnishing affidavit to the department un-

der the direction of which said work is being, or has been, prosecuted, that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, shall be furnished with a certified copy of said contract and bond, upon which said person or persons supplying such labor and materials shall have a right of action, and shall be authorized to bring suit in the name of the United States for his or their use and benefit against said contractor and sureties and to prosecute the same to final judgment and execution: *Provided,* That such action and its prosecutions shall involve the United States in no expense.

"SEC. 2. Provided that in such case the court in which such action is brought is authorized to require proper security for costs in case judgment is for the defendant."

*Mr. Edwin M. Ashcraft* for plaintiffs in error:

The United States is the real plaintiff and not a nominal party. The act of February 24, 1905, is not retroactive and the act of August 13, 1894, governs in this case. *United States Fidelity Co.* v. *United States,* 209 U. S. 306.

This action should have been properly brought in the Northern District of Illinois, the district of which plaintiffs in error are inhabitants. Section 1, act March 1, 1887, 24 Stat. 373; *McCormick Harvesting Machine Co.* v. *Walthers,* 134 U. S. 41; *Re Keasbey & Mattison Co.,* 160 U. S. 221; *Re Wisner,* 203 U. S. 449.

Plaintiffs in error have not voluntarily submitted to the jurisdiction of the court or waived their privilege of being sued in the district of which they are inhabitants. *Western Loan Co.* v. *Butte & Boston Mining Co.,* 210 U. S. 368; *St. Louis & San Francisco R. R. Co.* v. *McBride,* 141 U. S. 127; *Harkness* v. *Hyde,* 98 U. S. 476–479; *Southern Pacific Co.* v. *Denton,* 146 U. S. 202.

The Circuit Court of the Northern District of California has misconstrued rule 22 of its rules of court and if it has not, said rule 22 is unreasonable and invalid. Rule 93, 3 Rose's Code of

Fed. Procedure, p. 2293; *Southern Pacific Co.* v. *Denton,* 146 U. S. 202.

*Mr. Robert T. Devlin* and *Mr. Henry P. Brown,* for defendant in error, submitted:

Under rule 22 of the Circuit Court of the United States in which this action was commenced and prosecuted, the special appearance entered by the defendants was converted, by their failure to file the stipulation required, into a general appearance, and they have therefore waived any defect in the jurisdiction. See *Mahr* v. *Union Pac. R. R. Co.,* 140 Fed. Rep. 921.

The statute herein in question declares that the suit must be brought in the Northern District of California. It can, under the statute, be brought nowhere else. Hence, by the very language of the statute, the Circuit Court of the Northern District of California, and no other court, has jurisdiction. Stats. at Large, 1905, 811, 812; *American Surety Co.* v. *Lawrenceville Cement Co.,* 96 Fed. Rep. 25, 26.

The Circuit Court for the Northern District of California has exclusive jurisdiction of this action, and the defendants may be served wherever found, or it may be that no personal service is requisite.

Construction of statutes should be sensible; general terms should be so limited as not to lead to injustice, oppression or absurd consequences. It will always be presumed that the legislature intended exceptions to its language, which would avoid results of this character. The reason of the law in such cases should prevail over its letter. *United States* v. *Kirby,* 7 Wall. 486; *In re Chapman,* 166 U. S. 667; *Low Ow Bow* v. *United States,* 144 U. S. 59; *Railroad* v. *Husen,* 95 U. S. 472. In case of doubt, a literal construction leading to an absurdity must be rejected in favor of a more liberal, which will effectuate the object intended. *Wilson* v. *Mason,* 1 Cr. 101; *Doolittle* v. *Bryan,* 14 How. 567; *Kennedy* v. *Gibson,* 8 Wall. 506. Statutes should be construed so as to relieve the State from imputation of

bad faith.   *Red Rock* v. *Henry*, 106 U. S. 604; *Bate Refrigerating Co.* v. *Sulzberger*, 157 U. S. 38.

Where a particular construction of a statute will work injustice or occasion great inconvenience, it is to be avoided in favor of another and more reasonable construction if possible. *Knowlton* v. *Moore*, 178 U. S. 77.

Statutes should be construed with a view to the original intent and meaning of the makers; and such construction should be put upon them as best to answer that intention, which may be collected from the cause or necessity of making the act, or from foreign circumstances, and, when discovered, ought to be followed, although such construction may seem to be contrary to the letter of the statute. *Thompson* v. *State*, 20 Alabama, 54; *Chesapeake & O. Canal Co.* v. *Baltimore & O. R. Co.*, 4 Gill & J. 1; *Baring* v. *Erdman*, Fed. Cas. No. 981.

In interpreting statutes it is the duty of the courts at all times to make such construction as shall suppress the mischief and advance the remedy. *Parkinson* v. *State*, 14 Maryland, 184.

MR. JUSTICE MOODY, after making the foregoing statement, delivered the opinion of the court.

The decision of the court below proceeded upon the erroneous assumption that the act of February 24, 1905, 33 Stat. 811, c. 778, was retrospective. That act amended the act of 1894 in several important particulars, which it is not necessary to state, and provided specifically that a suit upon the bond should be brought by one furnishing labor and materials, in the name of the United States, in the Circuit Court of the United States in the district where the contract with the United States was to be performed, and not elsewhere. As this suit was brought after the passage of the amending act, it was brought in the only district where it could be maintained, if the amending act were retrospective. But it is not retrospective. *U. S. Fidelity Co.* v. *Struthers Wells Co.*, 209 U. S. 306. In this case the con-

tract with and the bond to the United States, and the contract under which Gibson furnished labor and materials, all antedate the passage of the amending act, and the rights of the parties, therefore, must be determined under the act of 1894. An act passed on the same day, August 13, 1894, 28 Stat. 279, c. 280, authorized incorporated surety companies to become sureties on bonds running to the United States, and the fifth section fixed the district in which a suit upon the bond against the surety company should be brought. But nothing was said as to the district where the sureties were individuals, as was the case here. While the act of 1894 authorized a person supplying labor and materials to bring suit upon the bond in the name of the United States against the contractor and sureties, it did not specify the court in which the suit should be brought, and the omission was not supplied until the enactment of the law of 1905, which, as has been pointed out, is not applicable to this case. The jurisdiction, therefore, of the courts of the United States must be sought in the general provisions of the statutes relating to that subject. It has been decided that under this statute, for jurisdictional purposes, the United States is the real party plaintiff. *U. S. Fidelity Co.* v. *Kenyon,* 204 U. S. 349. We have here, then, a suit in which the United States is plaintiff and three citizens and residents of the State of Illinois are defendants. Obviously, this suit is not a controversy between citizens of different States, and the rules governing where such diversity of citizenship exists have no application. The case is governed by that part of the act of March 3, 1887, as corrected by the act of August 13, 1888, 25 Stat. 433, c. 866, which provides that no civil suit shall be brought before any of the Circuit Courts of the United States "against any person by any original process or proceeding in any other district than that whereof he is an inhabitant." *McCormick* v. *Walthers,* 134 U. S. 41; *In re Keasbey & Mattison Co., Petitioner,* 160 U. S. 221; *United States* v. *Southern Pacific R. Co.,* 49 Fed. Rep. 297, opinion by Mr. Justice Harlan. It follows, therefore, that the court below was without jurisdiction of this cause, and, as the

defendants have taken no action whatever in response to the summons, except to appear specially and object to the jurisdiction, it cannot possibly be said that the objection to the jurisdiction has been waived.

The learned Judge of the Circuit Court, however, based his decision upon rule 22 of the Circuit Court of the United States for the Ninth Judicial Circuit, which is as follows:

"Any party may, without leave of court, appear specially in any action at law or suit in equity for any purpose for which leave to appear could be granted by the court, by stating in the paper which he serves and files that the appearance is special and that if the purpose for which such special appearance is made shall not be sanctioned or sustained by the court, he will appear generally in the case within the time allowed therefor by law, or by the order of court or by stipulation of the parties. If such statement be not made as above provided, the appearance shall be deemed and treated as a general appearance."

The defendants appeared specially and objected to the jurisdiction, but did not state in the appearance that "if the purpose for which such special appearance is made shall not be sanctioned or sustained by the court," they "will appear generally in the case." Therefore, if the rule is held to be valid, such an appearance must be deemed a general appearance. And so it was decided in the court below.

The rule, as construed and applied in this case, is inconsistent with the laws of the United States, and therefore invalid. Rev. Stat., § 918. A party who is sued in the wrong district, and does not waive the objection, may of right appear specially and object to the jurisdiction of the court, and, the decision being against his objection, may of right bring the question directly to this court. The rule substantially impairs his right to appeal to this court, a right which is conferred by statute. 26 Stat. 826, c. 517, March 3, 1891. It says to him, you may appear specially and object to the jurisdiction, only upon the condition that you will abide by the decision of a single judge; if that is against you, you must waive your objection and enter a general

appearance; if you do not agree to do this, your special appearance will be deemed to be general. We think it was beyond the power of the Circuit Court to make and enforce a rule which imposes upon defendants such conditions, and transforms an objection to the jurisdiction into a waiver of the objection itself. The jurisdiction of the Circuit Courts is fixed by statute. In certain cases a defendant may waive an objection to the jurisdiction over his person. But he cannot be compelled to waive the objection if he chooses seasonably to insist upon it, and any rule of court which seeks to compel a waiver is unauthorized by law and invalid. So it has been held that, under the act which requires the practice in the courts of the United States to conform as near as may be to the practice of the courts of the States in which they are held, state statutes which give a special appearance to challenge the jurisdiction, the force and effect of a general appearance must not be followed by the courts of the United States. *Southern Pacific Company* v. *Denton*, 146 U. S. 202; *Mexican Central Railway* v. *Pinkney*, 149 U. S. 194; *Galveston &c. Railway* v. *Gonzales*, 151 U. S. 496. The reasoning in these cases is pertinent to the case at bar.

To sum up, the Circuit Court for the Northern District of California had no jurisdiction to entertain this suit against these defendants, who are not inhabitants of that district, but, on the contrary, inhabitants of the State of Illinois. The defendants appeared specially, as they had a right to do, solely for the purpose of objecting to the jurisdiction. They were not bound to agree to submit their objection to the final decision of the judge of the Circuit Court, and the rule of court which treated the special appearance, without such an agreement, as a general appearance, was invalid.

For these reasons the judgment is reversed and the case remanded to the Circuit Court, with instructions to dismiss the action for want of jurisdiction, and

*It is so ordered.*

Mr. Justice McKenna dissents.