BARLOW v. CHICAGO & N. W. RY. CO.

(Circuit Court, N. D. Iowa, W. D. August 9, 1909.)

No. 466.

1. COURTS (§ 268*)—JURISDICTION OF FEDERAL COURTS—SUITS BETWEEN ALIEN AND CITIZEN.

The provision of the federal judiciary act (Act March 3, 1875, c. 737, 18 Stat. 470), as amended by Act March 3, 1887, c. 373, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

require that suits of which the Circuit Courts are given original jurisdiction by that act shall be brought only in the district of which the defendant is an inhabitant, or if the suit is between citizens of different states and jurisdiction is founded only on that fact in the district of the residence of either plaintiff or defendant, have no application to suits between an alien and a citizen of the United States.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 268.*

Diverse citizenship as a ground for federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. REMOVAL OF CAUSES (§ 41*)—RIGHT OF REMOVAL—SUIT BY ALIEN AGAINST CITIZEN.

An action brought by a nonresident alien in a state court against a citizen of another state is removable by the defendant where the requisite amount is involved.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 82½; Dec. Dig. § 41.*]

On Petition for Rehearing on Motion to Remand to State Court. For prior decision, see 164 Fed. 765.

Charles A. Dickson, for plaintiff.
Wright, Call & Sargent and James C. Davis, for defendant.

REED, District Judge.   A motion by plaintiff to remand this cause to the state court for want of jurisdiction of this court was denied November 6, 1908, for reasons stated in an opinion filed that day.   164 Fed. 765. · Upon publication of the opinion of Judge Pollock in Mahopoulus v. Chicago, Rock Island & Pacific Ry. Co. · (C. C.) 167 Fed. 165, in which a contrary view to that held by this court is taken of facts identical with those in this case, the plaintiff filed a petition for rehearing, relying wholly upon the opinion in the Mahopoulus Case in support of his petition.   The great respect entertained for the opinions of that able and experienced judge has led to a re-examination of the grounds of the decision in this case.   The facts, as stated in the former opinion, are that the plaintiff at the time the action was commenced, and when it was removed from the state court, was an alien residing in England and the defendant a corporation of Illinois, owning and operating a line of railroad in that state and into and through · the county of Woodbury in this state.   The suit was commenced in the district court of Iowa in and for said Woodbury county to recover damages of the defendant in excess of $2,000, exclusive of interest and costs for injuries to plaintiff's land in that county alleged to have been caused by the negligent and wrongful act of defendant in constructing its railroad embankment upon such land.   Notice of the suit was served upon the defendant's agent in Woodbury county as authorized by the state statute, and in due time it filed a sufficient petition and bond in the state court for the removal of the cause to this court upon the ground that when the suit was commenced the plaintiff was a nonresident alien, and the defendant an Illinois corporation.   The plaintiff promptly objected to the removal upon the ground that the controversy was one of which the Circuit Courts of the United States did not have jurisdiction and the objection was sustained by the state court.   The defendant then lodged a copy of the rec-

ord in this court and moved that it take jurisdiction of the cause, and the plaintiff seasonably moved to remand it to the state court, and has not invoked the action of this court upon any other question than that of its jurisdiction of the controversy.

That the Circuit Courts of the United States have only such jurisdiction as the Congress has conferred upon them, and that only such suits may be removed thereto from a state court that Congress has authorized to be removed is of course conceded, and neither of such questions need be discussed. The questions for determination then are: (1) Has a Circuit Court of the United States jurisdiction of a suit of a civil nature, in which more than $2,000 is involved, between an alien and a citizen of one of the United States? If it has, then (2) may such a suit (if brought by a nonresident alien as plaintiff in a state court against a citizen or corporation of any of the states of the Union who is not a resident of the state in which the suit is brought) be removed by the latter to the proper Circuit Court of the United States in that state?

The former of these questions is sufficiently answered by the present judiciary act of (Act March 3, 1887, c. 373, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]) section 1 of which provides:

"That the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs the sum or value of two thousand dollars, and * * * in which there shall be a controversy, * * * between citizens of a state and foreign states citizens or subjects. * * *"

This clause of the section clearly confers original jurisdiction upon the Circuit Courts of the United States, concurrent with the courts of the several states, of the subject-matter of suits of a civil nature between aliens and citizens of the United States, in which the requisite amount is involved. Where, then, must such a suit be brought in a Circuit Court of the United States? The section of the judiciary act before mentioned further provides:

"But * * * no civil suit shall be brought before either of said courts against any person by original process, or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only upon the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or defendant."

In re Hohorst, 150 U. S. 653–659, 14 Sup. Ct. 221, 37 L. Ed. 1211, and again in Barrow Steamship Co. v. Kane, 170 U. S. 100–112, 18 Sup. Ct. 526, 42 L. Ed. 964, it is plainly held that the provision of the act in question requiring suits to be brought in the district of which the defendant is an inhabitant has no application to suits by a citizen of one of the states of the Union against an alien, and that such a suit may be brought originally in the Circuit Court of the United States in any district wherein valid service may be obtained upon the alien defendant, though the cause of action upon which the suit is brought may have arisen in a foreign country. If this be true, and it must be so regarded by the lower federal courts, then it must also

be true that the further provision which requires that suits wherein the jurisdiction of the Circuit Courts "is founded only upon the fact that the action is between citizens of different states shall be brought only in the district of the residence of either the plaintiff or defendant" is not applicable to suits between aliens and citizens, for by the very letter of that provision it applies only to suits between "citizens of different states"; and suits between citizens and aliens may be brought in any district where valid service may be obtained upon the defendant, whether he be citizen or alien, subject, of course, to the right of the defendant, if he be a citizen of one of the states, to seasonably object to being sued by an alien in any other district than that of his residence, the same as he might so object if sued by a citizen in a district of which neither the plaintiff nor the defendant was a resident, and, unless he does so object, the cause may rightly proceed to determination in the Circuit Court of the United States, where it was so commenced. Railway Company v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659; Shaw v. Quincy Mining Co., 145 U. S. 444–448, 12 Sup. Ct. 935, 36 L. Ed. 768; Central Trust Co. v. McGeorge, 151 U. S. 129–138, 14 Sup. Ct. 286, 38 L. Ed. 98; In re Keasbey & Mattison Co., 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402; Galveston, etc., Ry. Co. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248.

In addition to these and other cases cited in the former opinion it was recently held by the Supreme Court in Davidson Bros. Marble Co. v. United States, 213 U. S. 10, 29 Sup. Ct. 324, 53 L. Ed. 675, that the clause requiring suits to be brought in the Circuit Courts in the district of the residence of either the plaintiff or defendant when the jurisdiction is founded only upon the fact that the action is between citizens of different states has no application to suits wherein one of the parties is not a citizen of any of the states of the Union; and the same was so held by the Court of Appeals for this circuit in United States v. Northern Pacific Ry. Co., 134 Fed. 715, 67 C. C. A. 269. Each of these cases was brought originally in a Circuit Court of the United States, but in a district other than that of the residence of the defendant, and the right to there maintain the same was denied, on objection of the defendant, upon the authority of Shaw v. Quincy Mining Co., above, and like cases. That this court has jurisdiction of the subject-matter of this controversy and that it might have been brought herein originally by the plaintiff, subject, of course, to the right of the defendant to seasonably object to being sued in a district other than that of his residence, is not open to question, under these authorities.

May the plaintiff then prevent the removal of it from the state court by seasonably objecting to such removal? Section 2 of the act of 1887–88 provides:

"(1) That any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made * * * under their authority, of which the Circuit Courts of the United States are given original jurisdiction by the preceding section, which may now be pending, or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the Circuit Court of the United States for the proper district. (2) Any other suit of a civil nature, at law or in equity, of which the Circuit Courts of the United States are given jurisdiction by the

preceding section, and which are now pending or which may hereafter be brought, in any state court, may be removed into the Circuit Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state."

Under the first clause of this section as above numbered any suit arising under the Constitution or laws of the United States of which the Circuit Courts are given original jurisdiction by the preceding section, which may be brought in a state court, may be removed to the Circuit Court of the United States for the proper district by the defendant or defendants therein regardless of their residence; and, under the second clause, any other suit of a civil nature of which the Circuit Courts are given original jurisdiction may be removed to the proper Circuit Court of the United States by the defendant or defendants therein being nonresidents of the state in which the suit is brought. The suit in question falls within the very letter of this clause of the section, and its language cannot be made plainer or obscured by any attempt to interpret its meaning. The constitutional grant of judicial power to such courts of the United States, inferior to the Supreme Court, as Congress shall from time to time establish, of controversies between "a state or the citizens thereof, and foreign states citizens or subjects," makes no distinction between controversies in which the alien shall be plaintiff or defendant; nor does the judiciary act of 1887–88 make any such distinction, but only fixes the place where the suit shall be brought. But when it is declared, as it is in the Hohorst and other cases above cited, that the provision limiting the place of suit to "the district of which the defendant is an inhabitant" has no application to suits of a citizen against an alien, and when the further provision which limits the place of suit to the district of either the plaintiff or defendant applies, by its very letter, only to suits between "citizens of different states," it would seem that further discussion of the question was foreclosed. If this plaintiff had torn down or destroyed the railroad embankment of the defendant company because of the injury it is alleged to have caused to his land, and defendant had brought suit against him in this court for more than $2,000 because of his so doing and had obtained valid service upon him within this district, it is plain that the plaintiff, as such defendant, could not have successfully interposed an objection that the court was without jurisdiction either of the subject-matter of the suit or of his person. This is settled by the decision of the Supreme Court in Barrow Steamship Co. v. Kane, above. In that case Kane was a citizen of New Jersey, the defendant steamship company a corporation organized under the laws of Great Britian engaged in the transportation of freight and passengers upon its ships between the ports of that country and New York, and the suit was brought against it in the Circuit Court of the United States for the Southern District of New York to recover for an assault committed upon Kane upon one of its ships in a foreign port. Service was made upon an agent of the defendant, resident in New York, who transacted its business at that place, and it was held by the Supreme Court that the jurisdiction of the Circuit Court was complete, though a statute of the state of New York would not have authorized the suit to have been brought in the

courts of that state. Or, if the defendant had sued the plaintiff in the state court in and for Woodbury county for such a trespass and obtained valid service upon him in that county, there would be no doubt that the plaintiff as such defendant might under the very letter of the second clause of section 2 above quoted have rightly removed the cause to this court. It is obvious that Congress did not intend to open the courts of the United States to an alien defendant under such circumstances, and close them to citizens or corporations of a state when sued by an alien in a court of a state of which they are not residents. In Re Hohorst above it is said of the restrictive words of the act there under consideration:

"That their object is to distribute among the particular districts the general jurisdiction fully and clearly granted in the earlier part of the same section, and not to wholly annul or defeat that jurisdiction over any case comprehended in the grant. To construe the provision as applicable to all suits between citizens and an alien would leave the courts of the United States open to an alien against citizens, and close them to citizens against aliens. Such a construction is not required by the language of the provision, and would be inconsistent with the general intent of the whole section."

This language is as clearly applicable to suits brought into the Circuit Courts of the United States by the process of removal as it is to those brought there by original process.

In Kinney v. Columbia Savings & Loan Association, 191 U. S. 78, 24 Sup. Ct. 848, 48 L. Ed. 309, it is held that the removal proceedings are in the nature of process by which a cause is transferred from a state to a federal court; and by Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, as explained in Re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, that the plaintiff in a suit in the state court, when removal proceedings are instituted, in effect becomes defendant in the removal proceedings. This being true, an alien defendant in such proceedings can no more object to the removal of a suit into a Circuit Court of the United States, which he has brought in a state court, by the plaintiff in the removal proceedings if a nonresident of that state, than he could object to being sued originally in such Circuit Court by such plaintiff if the suit was one of which that court was given jurisdiction by the judiciary act. The only service of the process in the removal proceedings required by the removal act is the filing in the state court by the defendant in that court of a sufficient petition and bond for the removal of the cause to the Circuit Court of the United States, upon the filing of which the plaintiff in the state court must take notice. Galveston, etc., Ry. Co. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248, was not overlooked in the former decision of this motion. That suit was commenced originally in the Circuit Court of the United States for the Western District of Texas by an alien against the railway company which was incorporated under the laws of Texas, but whose principal offices and place of business were in the Eastern district of that state. The defendant seasonably objected to being sued in a district other than that "of which it was an inhabitant," and its objection was sustained upon the authority of Shaw v. Quincy Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768, and like cases, which are cited

in the former opinion. The question determined by the Gonzales Case is tersely stated by Mr. Justice Brown at the beginning of the opinion, as follows:

"This case raises the question whether a railway company, incorporated under the laws of a certain state, and having its principal offices within one district of such state, can be said to be an inhabitant of another district of the same state, through which it operates a line of road and in which it maintains freight and ticket offices and depots."

And the decision is restricted to that question. If this case has any bearing upon the question now under consideration, it would seem to make against the contention of the plaintiff, for, if the motion to remand is well grounded, it is because this suit was brought in a court of a state in which neither the plaintiff nor the defendant resided. The residence of Gonzales does not appear from the statement of that case nor the opinion of the court, save by the "assumption" that an alien does not reside in the United States. If he had been in fact a resident of the Eastern district of Texas, then the suit would have been rightly brought in that district if the plaintiff's contention is correct. It seems incredible that more particular reference should not have been made in either the majority or dissenting opinions of that important fact if his residence in that district had been regarded as material to the question the court was then determining. Cochran v. Montgomery County, 199 U. S. 260, 26 Sup. Ct. 58, 50 L. Ed. 182, only holds that a nonresident defendant sued in a state court jointly with a resident who is a citizen of the same state as the plaintiff cannot remove the cause upon the grounds of local prejudice, for, as one of the defendants was a citizen of the same state as the plaintiff, the suit was not within the original jurisdiction of the Circuit Court. A re-examination of the question but confirms the conclusion reached in the former opinion, viz., that the provisions of the judiciary act of 1887–88 which requires that suits of which the Circuit Courts of the United States are given original jurisdiction by that act shall be brought only in the district of which the defendant is an inhabitant, or, if the suit is between citizens of different states, then within the district of the residence of either the plaintiff or· defendant, have no application to suits between an alien, and a citizen of one of the United States, whether the suit be brought originally in the Circuit Court or by process of removal from a state court.

The petition for rehearing is therefore denied.

NOTE.—Since the foregoing opinion was prepared and filed, the decision of the Supreme Court in the Matter of Tobin, Petitioner, has been published in 214 U. S. 506, 29 Sup. Ct. 702, 53 L. Ed. 1061.