## ALLIANCE SECURITIES CO. v. KILLITS, District Judge.

### No. 6562.

Circuit Court of Appeals, Sixth Circuit.
Nov. 17, 1933.

MOORMAN, Circuit Judge, dissenting.

Darby & Darby, of New York City, for petitioner.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKENLOOPER, Circuit Judge.

A local rule of court for the Northern District of Ohio, known as rule 38, section 2, provides that: "Narrative forms of testimony as directed by Equity Rule 75 of the Supreme Court of the United States, shall be lodged in the clerk's office within forty (40) days after the entry of the decree from which an appeal is to be taken, unless the time shall be enlarged by the court. * * *" The judges of the Northern District of Ohio have interpreted this rule as denying to them all power or discretion to approve a narrative statement of evidence or to allow an extension or enlargement of time for such approval, in cases where the application therefor has not been made until after the expiration of the forty days fixed by the rule. There thus may be a period of as much as fifty-two days during which appeal may be taken from a decree in equity, but as to the perfecting of which appeal the District Court is, by self-imposed lim-itation, powerless to perform a necessary function.

The taking of an appeal in equity cases is a matter of right, and, when an appeal is thus duly taken, the enlargement of time for the approval of a narrative statement of the evidence would seem to be but a step in aid of the appellate court in assuming its jurisdiction of the cause. Thus we have held in Re General Equity Rule 75 and Our Rule 15, 222 F. 884, 886, that the approval of a narrative statement of the evidence "sufficiently pertains to the making of the return to the appeal" as to make it improper to strike such statement from the record solely because it was filed after term, or after the taking of the appeal; we also think that both the enlargement of time for filing of the narrative statement and the approval of such narrative statement are in themselves exercises of jurisdiction by the District Court, and any local rule, or construction of a local rule, whereby the court is precluded from passing upon the questions presented (be they an enlargement of time or the sufficiency of the narrative statement), deprives the court of jurisdiction given by act of Congress, or, at least, greatly limits that jurisdiction; for a right of appeal conferred by statute by necessary implication requires a continuance of power in the courts, upon which such duties devolve, to perform those acts by which alone the appeal made be made effective. In so far as a rule of court deprives the judges of these powers, and so destroys the jurisdiction granted by statute, it must be regarded as invalid. Davidson Bros. Marble Co. v. U. S. ex rel. Gibson, 213 U. S. 10, 18, 29 S. Ct. 324, 53 L. Ed. 675; Washington-Southern Navigation Co. v. Baltimore & Philadelphia S. Co., 263 U. S. 629, 635, 44 S. Ct. 220, 68 L. Ed. 480.

We therefore think that the District Judge should have exercised his jurisdiction in passing upon the application of appellant for an extension of time. Doubtless, in view of this expression of opinion, no formal action upon the application for mandamus will be necessary.

Petitioner also asks that this court enlarge the time for perfecting the appeal by the filing of return. This application is granted and such time is extended to and including the thirty-first day of December, 1933. Under our decision in Re General Equity Rule 75, supra, the District Court, of course, retains jurisdiction to approve the narrative statement until the expiration of the extension hereby given.

MOORMAN, Circuit Judge (dissenting).

While I think it was within the power of the court to suspend the rule and extend the time for the filing of the narrative testimony [United States v. Breitling, 20 How. 252, 15 L. Ed. 900; Woodbury v. Andrew Jergens Co., 61 F.(2d) 736, 739 (2 C. C. A.)], I cannot agree that the rule is invalid. It seems to me to be essentially a rule of procedure to regulate the practice and facilitate the business of the court, and not a rule that enlarges or restricts jurisdiction or abrogates or modifies substantive law. Southern Pacific Co. v. Johnson, 69 F. 559 (9 C. C. A.); Clymer v. United States, 38 F.(2d) 581 (10 C. C. A.); Holmes v. Ginter Restaurant Co., 54 F.(2d) 876 (1 C. C. A.).