**STANDARD OIL CO. (INDIANA) v. PURE OIL CO. et al.**

**No. 63423.**

District Court of the United States for the District of Columbia.

June 21, 1937.

834

Edward B. Beale, of Washington, D. C., for plaintiff.

Edward H. Lang, of Chicago, Ill., and Henry C. Parker, of Washington, D. C., for defendants.

BAILEY, Associate Justice.

The plaintiff, as assignee of a joint application for Letters Patent filed in the name of Frederick W. Sullivan, Jr., and Robert F. Ruthruff, has brought suit by a bill in equity against the defendant, the Pure Oil Company (assignee) and the defendant Cary R. Wagner (assignor), of a patent application of said defendant Wagner. An interference entitled Wagner v. Sullivan and Ruthruff was declared between the said inventors by the Patent Office. After the taking of testimony, an interference decision within the Patent Office was rendered by the Examiner of Interferences, who awarded priority of invention to the inventor Wagner. The Board of Appeals of the United States Patent Office, acting upon an appeal taken by Sullivan and Ruthruff, rendered a decision affirming the Examiner of Interferences and awarded priority to the inventor Wagner. No appeal was taken by the inventors Sullivan and Ruthruff to the United States Court of Customs and Patent Appeals. Instead, plaintiff has elected to file this bill in equity under the provisions of R.S. § 4915 (as amended, 35 U.S.C.A. § 63), naming as defendant, Cary R. Wagner, the inventor-assignor, a resident of the state of Illinois and as codefendant the Pure Oil Company, a corporation of the state of Ohio, assignee of the patent application of Cary R. Wagner. Upon the filing of plaintiff's bill, the defendants jointly filed a motion to dismiss plaintiff's bill upon the grounds:

1. That neither of the codefendants is a resident of the District of Columbia, and therefore that neither defendant is subject to process issuing from this court.

2. That the defendant, the Pure Oil Company, is the only "necessary defendant" in this cause and that the Pure Oil Company is not a "resident" of the District of Columbia.

3. That the plaintiff has filed another suit in the United States District Court for the Southern District of Ohio, and that plaintiff should not be permitted to maintain two suits in different jurisdictions.

The jurisdiction of this court is, if it has jurisdiction of this suit, based upon the Act of March 3, 1927, 35 U.S.C.A. 72a, which is as follows:

§ 72a. *Jurisdiction of Supreme Court of District of Columbia in certain equity suits where adverse parties reside elsewhere; plurality of districts; service of writs.* Upon the filing of a bill in the Supreme Court of the District of Columbia wherein remedy is sought under section 63 or section 66 of this title, without seeking other remedy, if it shall appear that there is an adverse party residing in a foreign country, or adverse parties residing in a plurality of districts not embraced within the same State, the court shall have jurisdiction thereof and writs shall, unless the adverse party or parties voluntarily make appearance, be issued against all of the adverse parties with the force and effect and in the manner set forth in section 113 of Title 28; provided that writs issued against parties residing in foreign countries pursuant to this section may be served by publication or otherwise as the court shall direct. (Mar. 3; 1927, c. 364, 44 Stat. 1394.)" ·

I agree with the opinion of the Circuit Court of Appeals of the Second Circuit in Hazeltine Corporation v. White et al., 68 F.(2d) 715, 717, where, in stating the purpose of Congress in passing this act, it said:

"The difficulty which formerly prevailed, because indispensable parties might be be-

yond the reach of process issuing out of any court in which the action could be brought and might be unwilling to appear voluntarily, has been obviated by the passage in 1927 of Act March 3, 1927, 44 Stat. 1394 (35 U.S. C.A. § 72a), under which suits are now pending between these parties in the Supreme Court of the District of Columbia."

So far as appears from the bill, the defendant-assignor has parted with all his interest with the result that he is at most a formal party, not even a party with a separable interest.

The plaintiff claims that the assignor is an indispensable party for the reason that his signature must be subscribed to the affidavits known as preliminary statements or if the assignee wishes to abandon or disclaim or concede priority the signature of the inventor must be affixed to the document.

Apart from the fact that it is by no means clear that the participation of the inventor is necessary for these purposes, it does not appear that he must be a party to the interference nor does the bill claim that the inventor wishes to abandon or disclaim or concede priority. Rule 5 of the Patent Office provides:

"The assignee of the entire interest of an invention is entitled to hold correspondence with the office to the exclusion of the inventor."

As said above, so far as appears from the allegations of the bill, the defendant-assignor has parted with his entire interest and will in no way be affected by the result of this suit. To hold that the plaintiff by making a mere formal party a codefendant can compel the real defendant, the real party in interest, to come from any part of the United States and defend his rights in the District of Columbia would conflict with the general purpose of Congress as appears from the fact that ordinarily suits in the federal courts must be brought in the district in which the defendant resides. Jud.Code, § 51, as amended, 28 U.S.C.A. § 112.

That an assignor is merely a formal party and not a real party in interest is also shown by the fact that this suit is brought by an assignee without the joinder of the assignor, a practice which is authorized by Equity Rule 13 of this court, which is taken from Equity Rule 37 promulgated by the Supreme Court (28 U.S.C.A. following section 723).

Plaintiff relies upon the case of Martindale et al. v. Robertson et al., Eq. No. 49174.[1] In that case the defendants, assignor and assignee, were both residents of Massachusetts, and the other defendant was the Commissioner of Patents. As the defendants, assignor and assignee, were both residents of the same state, the question whether the joinder of the defendant-assignor would give this court jurisdiction was not involved.

I see no logical ground for holding a suit of this kind is a proceeding in rem. If it were, the amendment of March 3, 1927, 35 U.S.C.A. § 72a, would have been unnecessary and would have provided for a procedure more consonant with a proceeding in rem.

Plaintiff also claims that because the defendants have jointly moved to dismiss the bill for lack of jurisdiction, they have appeared generally, but this is without merit. Davidson Bros. Marble Co. v. Gibson, 213 U.S. 10, 29 S.Ct. 324, 53 L.Ed. 675; Georg Jensen Handmade Silver, Inc., v. Georg Jensens Slvsmedie A/S et al., 65 D.C.App. 17, 79 F.(2d) 142.

Inasmuch as in my opinion the words "without seeking other remedy" apply to "other remedy" sought in the same suit, it is unnecessary to consider the question whether the defense of former suit pending can be raised by a motion to dismiss, when the facts do not appear on the face of the bill, and in view of the opinion of the Supreme Court of the United States in Bernard Joseph Mumm v. Jacob E. Decker & Sons, 57 S.Ct. 675, 81 L.Ed. ——, decided April 26, 1937, it would not be necessary for the plaintiff to deny in the bill that it was not seeking other remedy, a bill in the "short form" being sufficient.

The motion to dismiss will be sustained.

---

[1] No opinion for publication.