NAKKEN PATENTS CORPORATION v. WESTINGHOUSE ELECTRIC & MFG. CO. et al.

No. 9771.

District Court, E. D. Pennsylvania.

Nov. 22, 1937.

Byron, Longbottom, Pape & O'Brien, of Philadelphia, Pa., and Leonard Day, of New York City, for plaintiff.

Charles H. Howson, of Philadelphia, Pa., for defendants.

MARIS, District Judge.

This bill in equity was filed under section 4915 R.S., as amended (35 U.S.C. § 63 [35 U.S.C.A. § 63]). It involves the refusal of the Commissioner of ·Patents to issue a patent to the plaintiff upon an application assigned to it by Theodorus H. Nakken. It appears from the bill that the Commissioner declared an interference with a patent issued to Vladimir K. Zworykin, and awarded priority of invention to him. It further appears that Zworykin afterwards assigned his patent to Westinghouse Electric & Manufacturing Company. Plaintiff joined both Westinghouse and Zworykin as defendants in the present suit. The defendants have moved to dismiss the bill for want of jurisdiction on the ground that Westinghouse is a resident of the Western District of Pennsylvania and not of the Eastern District, and that while Zworykin resides in the Eastern District he is not a necessary party to the suit and his joinder as a defendant, therefore, does not confer jurisdiction upon this court.

The plaintiff relies upon section 52 of the Judicial Code (28 U.S.C. § 113 [28 U.S.C.A. § 113]), which contains the following provision: "When a State contains more than one district, every suit not of a local nature, in the district court thereof, against a single defendant, inhabitant of such State, must be brought in the district where he resides; but if there are two or more defendants, residing in different districts of the State, it may be brought in either district, and a duplicate writ may be issued against the defendants, directed to the marshal of any other district in which any defendant resides."

It will be seen that in order for the court to have jurisdiction under this statute it must appear that one of the defendants is a resident of the Eastern District. Furthermore, the resident defendant must be a necessary party to the suit and not merely a nominal or formal party, since it is settled that in the federal courts regard is to be had to the real rather than to the nominal parties, and that the joining of merely nominal or formal parties cannot have the effect of excluding jurisdiction, Browne v. Strode, 5 Cranch 303, 3 L.Ed. 108; Wormley v. Wormley, 8 Wheat. 421, 5 L.Ed. 651; McNutt v. Bland, 2 How. 9, 11 L.Ed. 159; Wood v. Davis, 18 How. 467, 15 L.Ed. 460; Maryland v. Baldwin, 112 U.S. 490, 5 S.Ct. 278, 28 L.Ed. 822; Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628, 31 A.L.R. 867; or of conferring it. The Sewing Machine Companies Case, 18 Wall. 553, 21 L.Ed. 914; Sackett's Harbor Bank v. Barry, Fed.Cas.No.12,204; Lefkowitz v. Foster Hose Supporter Co. (C. C.) 161 F. 367; Taylor v. Weir (C.C.A.) 171 F. 636.

It is established by the affidavit filed by Westinghouse that its principal office and place of business is in the borough of East Pittsburgh in the Western District of Pennsylvania, and that its office in Philadelphia is merely a sales office. It follows that the corporation must be held to be an inhabitant of the Western District, Galveston, H. & S. A. R. Co. v. Gonzales, 151 U. S. 496, 498, 14 S.Ct. 401, 38 L.Ed. 248; Automotive Equipment v. Trico Products Corporation (D.C.) 10 F.Supp. 736; and its joinder as a defendant consequently does not give this court jurisdiction. Jurisdiction nevertheless attaches, however, if Zworykin is a necessary party within the meaning of the rule to which we have referred, since he admittedly resides in the Eastern District.

It may be conceded that the assignor of a patent is a proper party to a suit under section 4915, R.S., as amended, 35 U.S.C.A. § 63; Armstrong v. Langmuir (C.C.A.) 6 F.2d 369. We think it is clear, however, that Westinghouse, as assignee, is the only party actually interested in the suit. Becker v. General Chain Co. (C.C. A.) 273 F. 419. Certain it is that the relief sought by the bill is not directed against Zworykin nor will its granting prejudice or affect his rights. We, therefore, conclude that Zworykin is a purely formal and unnecessary party, and while it was not improper to join him his joinder did not confer jurisdiction upon this court.

Our conclusion finds full support in the case of Standard Oil Co. v. Pure Oil Co., 19 F.Supp. 833, 835, decided by the District

Court for the District of Columbia. In that case, which also was brought under section 4915 R.S., as amended (35 U.S.C.A. § 63) the plaintiff relied on the Act of March 3, 1927 (35 U.S.C. § 72a [35 U.S.C.A. § 72a]) to confer jurisdiction. That act provides that where there are adverse parties residing in a plurality of districts not embraced within the same state, jurisdiction is given to the District Court of the District of Columbia. The assignee of the patent being a corporation of Ohio and its assignor a resident of Illinois, the plaintiff joined them as defendants in a suit brought in the District of Columbia. The District Court dismissed the bill on the ground that, since the assignee was the only necessary party defendant, jurisdiction could not be conferred upon the court by joining a mere nominal party, the assignor. In its opinion the court said: "As said above, so far as appears from the allegations of the bill, the defendant-assignor has parted with his entire interest and will in no way be affected by the result of this suit. To hold that the plaintiff by making a mere formal party a codefendant can compel the real defendant, the real party in interest, to come from any part of the United States and defend his rights in the District of Columbia would conflict with the general purpose of Congress as appears from the fact that ordinarily suits in the federal courts must be brought in the district in which the defendant resides. Jud.Code, § 51, as amended, 28 U.S.C.A. § 112." ·

Bill dismissed for want of jurisdiction.