## JOHN B. PIERCE FOUNDATION et al. v. PENBERTHY INJECTOR CO.

### No. 1231.

District Court, D. Delaware.

Jan. 31, 1938.

Hugh M. Morris, of Wilmington, Del., and Henry J. Lucke, of New York City, for plaintiffs.

William G. Mahaffy and Herbert L. Cohen, both of Wilmington, Del., Benjamin H. Sherman (of Charles W. Hills), of Chicago, Ill., for defendant.

NIELDS, District Judge.

Motion by defendant to dismiss bill of complaint filed under section 4915, R.S., as amended, 35 U.S.C.A. § 63, by a defeated applicant in an interference proceeding in the Patent Office and his assignee against the assignee of the successful applicant in the interference proceeding.

The grounds of the motion are the absence of two parties defendant: (1) Howard D. Yoder, the successful applicant, and (2) the Commissioner of Patents. At the hearing the second ground was abandoned.

The bill alleges that the plaintiff, William C. Groeniger, filed an application for patent which was declared by the Patent Office to interfere with an application of Howard D. Yoder. The bill further alleges that after due proceedings had in the Patent Office priority of invention was awarded to Yoder. During the pendency of the proceedings in the Patent Office Yoder assigned his entire right, title, and interest to Penberthy Injector Company, the sole defendant.

The court derives its power to hear and determine this case under section 4915, R.S., as amended, 35 U.S.C.A. § 63. That section provides: "Whenever a patent on application is refused by the Commissioner of Patents, the applicant * * * may have remedy by bill in equity; * * * and the court * * * on notice to adverse parties * * * may adjudge that such applicant is entitled, according to law, to receive a patent for his invention."

The adverse party is the defendant, Penberthy Injector Company, the sole and exclusive assignee of Yoder. This defendant is the only adverse party, and has received the statutory notice by the bringing of this suit. Defendant is the sole indispensable party. Armstrong v. Langmuir, 2 Cir., 6 F.2d 369; Standard Oil Co. v. Pure Oil Co., D.C., 19 F.Supp. 833; Nakken Patents Corporation v. Westinghouse Elec. & Mfg. Co., D. C., 21 F.Supp. 336.

The motion to dismiss must be denied.

For like reason, plaintiffs' motion to strike from the answer paragraphs XVII, XVIII, and XIX must be granted.