**UNITED STATES v. WASHINGTON IN-STITUTE OF TECHNOLOGY, Inc.**

No. 8262.

Circuit Court of Appeals, Third Circuit.
Argued May 3, 1943.
Decided July 21, 1943.

———◆———

T. Hayward Brown, of Washington, D. C. (Francis M. Shea, Asst. Atty. Gen., Stewart Lynch, U. S. Atty., of Wilmington, Del., and J. F. Mothershead, of Washington, D. C., on the brief), for appellant.

Samuel Scrivener, Jr., of Washington, D. C. (Howard Duane, of Wilmington, Del., on the brief), for appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

The United States brought this action under R.S. § 4915[1] to authorize the issuance of a patent on application Serial No. 679,-366 of its assignors Dunmore and Kear. The defendant moved to dismiss the action on the grounds of nonjoinder of an indispensable party, its assignor, Kear. The district court granted the motion and this appeal followed.

Rule 19(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requires that those having "a joint

---

[1] Section 4915, 44 Stat. 1336, 45 Stat. 1476, 35 U.S.C.A. § 63. "Whenever a patent on application is refused by the Commissioner of Patents, the applicant, unless appeal has been taken from the decision of the board of appeals to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided, in which case no action may be brought under this section, may have remedy by bill in equity, if filed within six months after such refusal; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication and otherwise complying with the requirements of law. * * *"

interest shall be made parties \* \* \*." This means those who were indispensable parties prior to the rules. 2 Moore's Federal Practice (1938) § 19.02. As described in the leading case upon the matter, they were persons who had such an interest that any final decree rendered had to affect that interest. Shields v. Barrow, 1854, 17 How. 130, 15 L.Ed. 158. We think that Kear's interest is of such nature.

By a written assignment dated March 1, 1935, Kear assigned "all of the right, title, and interest" in his application to defendant in consideration of $1.00 and certain covenants set forth in a separate instrument of the same date. It is immaterial for this case that the latter instrument was not recorded in the Patent Office. Parker Rust-Proof Co. v. Western Union Tel. Co., 2 Cir., 1939, 105 F.2d 976 certiorari denied 1939, 308 U.S. 597, 60 S. Ct. 128, 84 L.Ed. 500. Four of those covenants are pertinent here: (1) Kear was to be paid 50% of all monies received by defendant for licenses granted under the application or patent issued thereon; and (2) 50% of all monies received by defendant for the sale of the application or patent issued thereon; (3) no sale of the application or patent issued thereon was to be made without Kear's consent in writing; (4) the terms for any license, and for the design, installation, adjustment or sale of the subject matter of the application were made subject to Kear's agreement.

■ Where the applicant for a patent has parted with all of his interest therein he is not an indispensable party in a subsequent § 4915 proceeding, though he is a proper one. Standard Oil Co. v. Pure Oil Co., D.C., 1937, 19 F.Supp. 833; Nakken Patents Corporation v. Westinghouse Electric & Mfg. Co., D.C.E.D.Pa. 1937, 21 F.Supp. 336; John B. Pierce Foundation v. Penberthy Injector Co., D.C. Del., 1938, 22 F.Supp. 239. Indeed a partnership in or agreement for division for the proceeds of a patent is not sufficient to make the patentee an indispensable party. Tilghman v. Proctor, 1888, 125 U. S. 136, 8 S.Ct. 894, 31 L.Ed. 664; Rude v. Westcott, 1889, 130 U.S. 152, 9 S.Ct. 463, 32 L.Ed. 888. The Court in the latter case, emphasizing that there was a complete transfer of interests, adverted to the absence of any reservation of "control over the patents or their use or disposal, or any power to interfere with the management of the business growing out of their ownership." 130 U.S. at page 163, 9 S.Ct. at page 467, 32 L.Ed. 888.

■ But in this case Kear did reserve control over the use and disposal of the subject matter. Granted that his claim under his contract to half the proceeds of license or sale did not make his interest "joint" so far as this suit was concerned, his reservations under (3) and (4), as shown above do so. Freely to dispose of what one has is clearly one important element in that collection of rights, privileges, powers and immunities known as ownership. Kear could not only control sale under (3), he could control use under (4). A decree for the plaintiff in this suit, if effective, would affect Kear very substantially. He has such a "joint interest" with the appellee that he must be joined under Rule 19(a). Fortifying this conclusion, though not on all fours on the facts are the decisions of the Second Circuit in Parker Rust-Proof Co. v. Western Union Tel. Co., supra, and Nachod & United States Signal Co., Inc., v. Automatic Signal Corporation, 2 Cir., 1939, 105 F.2d 981.

The fact that defendant in dealing with others has represented itself as having what a few isolated words of the assignment purport to give it, that is "all of the right, title, and interest", does not diminish what Kear in fact has under the agreement incorporated by reference in the assignment. And the jurisdictional dilemma plaintiff says it was in, which hinged upon a determination of whether Kear was an indispensable party,[2] is a hazard which confronts many litigants. The opinion in the Nachod case, supra, contains suggestions for meeting the difficulty of determining who are adverse parties; the defendant offers reasons why in this case it was suable in the District of Columbia, a safe argument on its part now that that time has foreclosed the possibility. We need not add further counsel.

Affirmed.

[2] If Kear, who is resident of Pennsylvania, had been joined as a party defendant, then suit would have had to have been instituted in the District of Columbia. 35 U.S.C.A. § 72a. Had suit been so brought, says the plaintiff, the court might have followed the plaintiff's interpretation of the agreement and held Kear not indispensable and dismissed as to him. With the defendant as the sole party defendant, the suit could be dismissed for want of proper venue.