**UNITED NATIONS KOREAN RECON-
STRUCTION AGENCY, Plaintiff,**

**v.**

**GLASS PRODUCTION METHODS, Inc.,
Lyon McCandless, Clare Paquin (also
known as Clare P. McCandless), and
Edmund P. McQueen, Defendants.**

United States District Court
S. D. New York.
Aug. 3, 1956.

Berle, Berle & Brunner, New York City, for plaintiff, Robert H. Seabolt, Thorold J. Deyrup, New York City, of counsel.

Hardy, Peal & Farrell, New York City, for defendants Lyon McCandless and

Clare Paquin (also known as Clare P. McCandless).

LEVET, District Judge.

This is a motion for an order under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to dismiss the above-entitled action as against the defendants Lyon McCandless and Clare Paquin (also known as Clare P. McCandless) on the ground that this action is in the wrong district because (1) the jurisdiction of this Court is invoked solely on the ground that the action arises under the Constitution and the laws of the United States; and (b) that said defendants do not reside in this district.

The said defendants are husband and wife and are living together. Likewise, it appears that they are also associated in a business venture involving a New York corporation, Glass Production Methods, Inc., also one of the above-named defendants. The complaint includes misrepresentation and breach of warranty.

The plaintiff is an agency of the United Nations created by Resolution No. 410 of the Fifth Session of the General Assembly of the United Nations. The matter in controversy is alleged to exceed, exclusive of interest and costs, the sum of $3,000. Plaintiff alleges that jurisdiction of this Court is conferred by Title 22 U.S.C.A. § 288a and Title 28 U.S.C.A. § 1331.

The moving defendants were served with a summons and complaint on June 1, 1956 on board the yacht "Vauntie" at the basin of the New York Athletic Club, Pelham Manor, in the County of Westchester, State of New York.

The defendants claim to be residents of 155 Putnam Park, Greenwich, Connecticut. This is an apartment which defendants subleased from the original tenant effective June 1, 1955. Effective June 1, 1956 the premises were in turn sublet by the defendants to others through to September 1956. In the Fall, defendants state, they will return to this apartment. Defendants say they are living on the boat during the summer months.

Prior to June 1, 1955, when defendants occupied the Greenwich, Connecticut apartment, they lived at 12 Bank Street, New York City. After July 1, 1955, they still spent some time on the boat. Asked on examination before trial, at first the defendant Lyon McCandless testified that the boat was "our physical residence."

At the time of service, the boat was based at Pelham, New York, in the basin of the New York Athletic Club. Certain facts indicated defendants' continued connection with New York State after they became sub-tenants of the apartment in Connecticut.

The plaintiff does not claim that there is a diversity of citizenship between the plaintiff and the defendants. It does claim, however, that jurisdiction is conferred upon this Court by reason of Section 288a of Title 22 U.S.C.A., and Section 1331 of Title 28 U.S.C.A.

Section 1331 provides as follows:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States."

Section 288a declares:

"International organizations shall enjoy the status, immunities, exemptions, and privileges set forth in this section, as follows: * * *

"(iii) to institute legal proceedings."

It is clear that this is a civil action arising under the treaties creating the United Nations and the law permitting international organizations to institute legal proceedings in the Federal Courts. International Refugee Organization v. Republic S. S. Corp., 4 Cir., 1951, 189 F.2d 858. However, the issue to be determined is the propriety of the venue with respect to the individual defendants.

It appears from the papers submitted on this motion that the individual defendants are not now domiciled in this district; that they moved to Greenwich, Connecticut prior to the commencement of this action and that they intend to re-

turn to Connecticut after the summer months. Therefore, it must be concluded that the individual defendants are domiciliaries of said state.

The provision governing venue is contained in Section 1391(b) of Title 28 U.S.C.A., which provides as follows:

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law."

It is clear that for venue purposes, a person is a resident only where he is a citizen and domiciled. Townsend v. Bucyrus-Erie Co., 10 Cir., 1944, 144 F.2d 106; Koons v. Kaiser, D.C.S.D.N.Y., 1950, 91 F.Supp. 511. Since the individual defendants make their home in Connecticut and are domiciled in said state, it necessarily follows that the venue of this suit is improper since all of the defendants are not residents of the Southern District of New York and were not such residents when this action was commenced.

Plaintiff's contention that the purpose of the International Organizations Immunities Act, 22 U.S.C.A. § 288 et seq., was to "open the doors of the United States courts to the United Nations and its organizations," irrespective of federal venue statutes, is unsubstantiated. Even the United States, when it commences an action, must comply with the federal venue statutes. Davidson Bros. Marble Company v. United States ex rel. Gibson, 213 U.S. 10, 29 S.Ct. 324, 53 L.Ed. 675. This Court does not believe that, in enacting 22 U.S.C.A. § 288, et seq., Congress intended to confer upon organizations of the United Nations greater privileges than are afforded citizens of the United States or the United States Government itself.

Although the venue in the case at bar is improper, dismissal of the action need not be ordered. Section 1406 of Title 28 U.S.C.A. authorizes the transfer of a case to any district in which it could have been brought. However, this action could not have been brought in Connecticut because it does not appear that the defendant corporation "is incorporated or licensed to do business or is doing business" in Connecticut. Therefore, this action shall be severed as to the individual defendants, Lyon McCandless and Clare Paquin (also known as Clare P. McCandless), and with respect to said defendants this action shall be transferred to the District Court of Connecticut.

Settle order on notice.