CHARLES W. LYMAN v. CITY OF LINCOLN ET AL.

FILED JANUARY 4, 1894. No. 5230.

1. **Building Contracts with City:** CONSTRUCTION: BUILDERS' BONDS. L. & S. contracted with the city of Lincoln to furnish the material and labor to erect for said city two engine

houses.   They gave a bond to the city to faithfully perform all
the terms of the contract, which provided: "The contractors
shall file with the board of public works receipts of claims from
all parties furnishing them with material and labor in the con-
struction of such engine houses."   One L. sued the contractors
and their sureties for lumber used in the construction of the
buildings.   The sureties demurred to the petition on the ground
that it did not state a cause of action against them.   *Held*, (1) That
the clause quoted above from the contract was a promise on the
part of L. & S. to pay for all labor and material furnished them
in constructing said engine houses; (2) that the statement of L.
in his petition, that L. & S. owed him for lumber furnished to
and used by them in said buildings, was a sufficient averment
of a breach of said bond; (3) that the awarding of the contract
by the city to L. & S. was a sufficient consideration to support
their promise to pay for the labor and material furnished them
in the performance of said contract; (4) that the promise they
made to the city of Lincoln was for the benefit of all persons
who furnished labor and material used in said contract, and such
persons could sue on said bond; (5) that the existence of an ex-
press statute or ordinance of the city of Lincoln was not neces-
sary to the authority of the city to require of L. & S. a bond to
pay their material-men and laborers; (6) that the demurrer
should be overruled.

2.   ——: PART PERFORMANCE: ACTION ON BOND: DAMAGES.   A
contractor who furnishes labor and material to a city under a
contract which reserves to the city the right of cancellation is
entitled, after a termination of such contract by the city, to re-
cover from it the actual benefits the city has received from the
contractor's partial performance, and this is found by ascertain-
ing the reasonable worth to the city of such partial performance
appropriated or received by the city at the time of such receipt
or appropriation, and deducting therefrom all payments made to
the contractor and all actual damages the city has sustained by
his defaults.

ERROR from the district court of Lancaster county.
Tried below before FIELD, J.

The facts are stated in the opinion.

*Leese & Stewart*, for plaintiff in error:

The petition states a cause of action against McMurtry

and McBride. (*Sample v. Hale*, 34 Neb., 220; *Sepp v. Mc-Cann*, 50 N. W. Rep. [Minn.], 246.)

The evidence shows a strict compliance with the contract on the part of Layne & Sweet, except when the city waived performance. The finding of the court that the city rightfully terminated the contract is contrary to law. (*Mercer v. Harris*, 4 Neb., 82; *Fitzgerald v. Allen*, 128 Mass., 232; *Adams v. Hill*, 16 Me., 215; *Boettler v. Tendick*, 11 S. W. Rep. [Tex.], 499; *Linch v. Paris Lumber & Grain Elevator Co.*, 15 S. W. Rep. [Tex.], 213; *Barr v. Van Duyn*, 45 Ia., 228; *Lawson v. Hogan*, 93 N. Y., 39; *Snow v. Inhabitants of Ware*, 13 Met. [Mass.], 50; *Henderson Bridge Co. v. O'Connor*, 11 S. W. Rep. [Ky.], 18, 957; *Elizabethtown & P. R. Co. v. Geoghegan*, 9 Bush [Ky.], 56; *Foster v. Woodward*, 6 N. E. Rep. [Mass.], 853; *South Fork Canal Co. v. Gordon*, 6 Wall. [U. S.], 561; *Grand Rapids & B. C. R. Co. v. Van Dusen*, 29 Mich., 431; *Smith v. Cedar Rapids & M. R. R. Co.*, 43 Ia., 239; *Taylor v. Renn*, 79 Ill., 181.)

The contract was wrongfully annulled by the city. The plaintiff, as assignee of the contractors, is entitled to recover the full value of the work done, for extras and for damages for not being permitted to complete. (*Sanger v. Chicago*, 65 Ill., 506; *Guerdon v. Corbett*, 87 Ill., 272; 2 Sutherland, Damages, 519, 520.) Assuming the city rightfully put an end to the contract, the finding of the court was wrong. (*Graves v. White*, 87 N. Y., 463; *Martin v. Boyce*, 49 Mich., 122; 2 Jones, Liens, sec. 1513.)

*John P. Maule*, for defendants in error McMurtry and McBride, cited: *Brennan v. Clark*, 29 Neb., 385.

*N. C. Abbott, City Attorney*, and *Abbott, Selleck & Lane*, for defendant in error City of Lincoln:

Where a contract is silent as to the time of performance, the law implies that it was to be performed within a rea-

sonable time. The contract was properly annulled. (*Til-jengren Furniture & Lumber Co. v. Mead*, 44 N. W. Rep. [Minn.], 306; *Driver v. Ford*, 90 Ill., 595; *Stone v. Harmon*, 19 N. W. Rep. [Minn.], 88; *Hart v. Barnes*, 24 Neb., 782.)

RAGAN, C.

Charles W. Lyman brought suit in the district court of Lancaster county against the city of Lincoln, Layne & Sweet, copartners, Joseph C. McBride, and J. H. McMurtry, and in his petition alleged: That on June 5, 1889, the city of Lincoln entered into a contract with Layne &·Sweet, by the terms of which they agreed to furnish material and labor and construct for said city two buildings for the use of its fire department. The buildings were to be according to certain plans and specifications, made part of the contract; to be completed, one July 15 and the other August 1, 1889; the city was to pay for them $5,968; payments to be made on monthly estimates of completed work furnished by the city's engineer; such payments to be eighty per cent of the estimate, and the remainder of the contract price to be paid when the buildings were completed and accepted by the city; that it was also provided in said contract as follows: "The contractors shall file with the board of public works receipts of claims from all parties furnishing materials and labor in the construction of such engine houses before the final estimate is paid and the work accepted from the hands of the contractors." That on the date of the execution of said contract said Layne & Sweet, as principals, and McBride and McMurtry, as sureties, in consideration of said contract between said city and said Layne & Sweet, made and delivered to said city a bond in words and figures as follows: "That the above mentioned John Layne and Charles A. Sweet shall well and truly execute all and singular the foregoing stipulations by them to be executed, or on default thereof we, jointly and severally,

bind ourselves   *   *   to pay the city of Lincoln all dam-
ages which may result from such default," etc.   That the
plaintiff furnished Layne & Sweet lumber and material
used by them in the construction of said buildings for said
city of the value of $2,155.58, $500 of which had been paid,
leaving a balance due him on said account of $1,655.58;
that Layne & Sweet entered upon the construction of said
buildings, the city afterwards waiving their completion at
the time fixed therefor in said contract, and were prosecut-
ing their construction with reasonable diligence and in all
respects according to the contract, when the city of Lincoln,
on September 6, 1889, wrongfully refused to permit Layne
& Sweet to further prosecute the work, canceled said contract,
took possession of the unfinished buildings, completed them,
and appropriated to its (the city's) use the labor and mate-
rials performed and furnished by Layne & Sweet in the par-
tial construction of said buildings, which labor and materials
were of the value of $4,000; that the city had previously
paid Layne & Sweet on said contract $2,400, and no more;
that plaintiff was the owner by assignment from Layne &
Sweet of their cause of action against the city of Lincoln
arising out of this contract.   Layne & Sweet made no ap-
pearance.   McBride and McMurtry submitted to the peti-
tion a demurrer, on the grounds that the petition did not state
facts sufficient to constitute a cause of action against them.
The answer of the city, outside of the admission of the exe-
cution of the contract and bond, and the cancellation by
the city of the contract, consisted of a general denial and
an affirmative averment that the city had expended a larger
sum in the building of said buildings, according to Layne
& Sweet's contract, than they were to receive for their con-
struction, and that Layne & Sweet were indebted to the
city.   The court sustained the demurrer of McBride and
McMurtry and dismissed Lyman's suit as to them.   Judg-
ment was rendered by default against Layne & Sweet in
favor of Lyman, and on the final hearing the court, sitting

without a jury, found the issues for and rendered a judgment in favor of the city of Lincoln, and Lyman brings the case here on error.

There are three points which we notice:

1. Did the court err in sustaining the demurrer of McBride and McMurtry? It is to be observed that there are in this petition three causes of action, though not separately stated: (a) Lyman sues Layne & Sweet on an account for lumber sold and delivered to them; (b) Lyman sues Layne & Sweet, as principals, and McBride and McMurtry, as sureties, on the bond they gave to the city of Lincoln for the faithful performance by Layne & Sweet of their contract with the city; and (c) Lyman, as assignee of Layne & Sweet, sues the city for the reasonable worth of the labor performed and material furnished and used by them in the partial construction of the buildings they undertook to build for the city under the contract, and which contract, it is alleged, the city wrongfully canceled. The clause, "The contractors shall file with the board of public works receipts of claims from all parties furnishing them with material and labor in the construction of such engine houses," found in the contract between the city and Layne & Sweet, liberally and fairly construed, means that Layne & Sweet promised the city that they would make payment to those who furnished them material or labor on said buildings; and the sureties in their bond guarantied that Layne & Sweet would perform this promise. The averment of Lyman in his petition, that Layne & Sweet still owed him a balance of $1,655.58 for lumber which he had furnished them to use in said buildings, under their contract with the city, was a sufficient allegation of a breach by Layne & Sweet of their contract and bond. Counsel for the sureties contend that the waiver by the city of the time for the completion of said buildings by Layne & Sweet released the sureties. That might be correct were this a suit by the city against the sureties for a failure on the part of Layne

& Sweet to complete their work in the time fixed by the contract; but this waiver cannot be urged here against Lyman. A second contention of counsel for the sureties is: "The sum total of obligation of the sureties here is to pay the city of Lincoln the damages it may sustain by reason of Layne & Sweet's not filing receipts," etc. If this contention is correct, the clause referred to in the contract is meaningless. The city of Lincoln could suffer no damages by the failure of Layne & Sweet to pay for the labor or material used in the construction of these buildings; and no lien for such labor or materials could be asserted against such buildings. (*Ripley v. Gage County*, 3 Neb., 397.) But, the nature of the contract and bond considered, counsel's contention is too narrow a construction. Obviously, the city of Lincoln intended by this bond to protect from defaults of its contractors all those who might labor on or furnish material for its buildings. The petition assailed sets out no statute or ordinance authorizing the city of Lincoln to do this, but we do not deem such a statute or ordinance indispensable. The awarding of the contract to Layne & Sweet was a sufficient consideration to them and their sureties to support their promise to pay for this labor and material. The promise they made to the city of Lincoln was for the benefit of all who labored on these buildings and all who furnished material that was used in their construction; and since Lyman had furnished material to these contractors which was used in these buildings for the city, the bond inured to his benefit and he can maintain a suit thereon. (*Shamp v. Meyer*, 20 Neb., 223; *Cooper v. Foss*, 15 Neb., 515; *Stewart v. Snelling*, 15 Neb., 502; *Sample v. Hale*, 34 Neb., 220.) The court erred in sustaining the demurrer.

2. The second point made by counsel for Lyman is that the court erred in finding as a conclusion of fact that the city of Lincoln rightfully terminated its contract with Layne & Sweet. On July 30, 1889, the city engineer gave Layne

& Sweet an estimate for $2,200. This estimate was approved by the board of public works and city council, and eighty per cent thereof paid. One of the buildings, known as the "F Street Building," was not finished at this time though by the contract it was to be completed July 15. When August 1st arrived, the other building was not finished as it should have been by the terms of the contract. The city did not at either of said dates exercise its right to terminate the contract by reason of such defaults on the part of Layne & Sweet; on the contrary it gave them the estimate of July 30 and paid it, and after August 1st permitted Layne & Sweet to continue the work. This conduct of the city waived on its part the time fixed by the contract for the completion of the work. August 1st having passed, the buildings remaining unfinished, the city not having annulled the contract by reason thereof, but having permitted Layne & Sweet to continue the work without any new agreement as to when it should be completed, the law then presumes a contract on the part of Layne & Sweet to build these buildings within a reasonable time. (*Driver v. Ford*, 90 Ill., 595; *Stone v. Harmon*, 19 N. W. Rep. [Minn.], 88.) Section 13 of the contract provided that if the contractors should neglect or refuse to comply with the instructions of the board of public works, then the city should have the right to annul and cancel the contract. Now there is evidence in this record that this work was not at any time prosecuted with due diligence; that the city constantly urged Layne & Sweet to push the completion of the buildings, which urging they disregarded; that when September arrived, neither of the buildings was ready, the work not progressing rapidly, and the engines, horses, and men of the fire department were housed in tents. Under these circumstances, the city, by the resolution of its mayor and council, annulled and canceled the contract and took possession of the partially completed buildings. The evidence supports the court's conclusions of fact, that Layne & Sweet

55

did not comply with the reasonable instructions of the city to prosecute diligently the work; that the month of August was ample time in which to complete the buildings had the contractors done their duty; and that the city was justified in canceling the contract.

3. The third assignment of error is that the decree of the court, in that it found that the city of Lincoln is not indebted in any sum to Layne & Sweet, is contrary to the law of the case. It must be borne in mind that we are now considering the suit of Layne & Sweet in the name of their assignee, Lyman, against the city to recover the value of the labor and material done and furnished by Layne & Sweet under the contract. Counsel for the city contend, and the court below, it seems, held, that Layne and Sweet's measure of damages was the contract price for the buildings less the amount paid them on the contract, and less, also, the amount it cost the city to complete the work according to Layne & Sweet's contract. This rule is based on the mistaken assumption that this is a suit against the city on the contract, which it is not. This rule wrongfully assumes that the contract is in force; but the city canceled it. It cannot annul a contract for one purpose and keep it in force for another. Counsel for the city say: "The city then having the right to take the work out of the contractors' hands, and having done so, it had the right, both in law and under the special agreement of clause seven of the contract, to go on and finish the work and charge whatever it should fairly and honestly cost the contractors." The substance of this clause seven of the contract is that, if the contractors shall not furnish sufficient workmen or material for the rapid construction of the buildings, the city may purchase material and employ workmen on the buildings and charge the cost thereof to Layne & Sweet. The city did not avail itself of this clause of the contract. If Layne & Sweet did not prosecute the work on said buildings as speedily as they should, the city

(1) could have purchased material and employed men on the work and charged the same to Layne & Sweet, and (2) sue them and their sureties on their bond for a breach of contract, or (3) cancel the contract. It chose the latter course, and took what Layne & Sweet had done under it, and they sue for its value. What is the measure of their damages? In *Fitzgerald v. Allen*, 128 Mass., 232, it is said: "The result of the cases is that if the special contract is terminated by any means other than the voluntary refusal of the plaintiff to perform the same upon his part, and the defendant has actually received benefit from the labor performed and materials furnished by the plaintiff, the value of such labor and materials may be recovered upon account upon a *quantum meruit*, in which case the actual benefit which the defendant receives from plaintiff is to be paid for, independently of the terms of the contract. The contract itself is at an end. Its stipulations are as if they had not existed. But this does not imply that the contract may not be put in evidence and its terms referred to upon the question of the real value to the defendant of the plaintiff's labor and materials. If the time of performance is extended very far beyond the time fixed by the contract, if the materials furnished are of a very different quality from that provided for by the contract, these facts have necessarily a bearing upon the real value of the services and labor. The original contract price, too, is an important element in determining the value of the labor and materials, and the proportion in value which the work done bears to the whole value of the contract labor and materials is also important in determining the *quantum meruit.*" We think this case states the law correctly. Layne & Sweet did not voluntarily abandon or refuse to perform the contract, and they are entitled to recover from the city the actual benefits it has received from their partial performance. This actual benefit is found by ascertaining the reasonable worth to the city of the labor and materials fur-

nished by Layne & Sweet and received and appropriated
by the city, such value to be determined at the date of such
receipt or appropriation, and deducting therefrom all pay-
ments made to Layne & Sweet and any actual damages
sustained by the city by reason of any defaults of Layne
& Sweet. Tried by this rule, the judgment of the court,
that the city of Lincoln was not indebted in any sum to
Layne & Sweet, is erroneous. The decree of the district
court must therefore be reversed and the cause remanded
for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.