UNITED STATES, FOR USE OF CARNEGIE INSTITUTE OF TECHNOLOGY v. C. A. RIFFLE CO. et al.

(District Court, W. D. Pennsylvania. November Term, 1917.)

No. 1872.

1. UNITED STATES ⟨⟩67(2)—ACTIONS—CONTRACTORS' BONDS.

Where a contractor engaged on work for the United States, through alleged negligence in blasting, injured the building of a third person, the United States cannot, suing for the use of such third person, maintain action on the contractor's bond under Act Cong. Feb. 24, 1905, c. 778, 33 Stat. 811, amending Act Aug. 13, 1894, c. 280, 28 Stat. 278 (Comp. St. 1916, § 6923), requiring bonds for the protection of persons furnishing materials and labor for the construction of public works.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. UNITED STATES ☞78—NEGLIGENCE OF CONTRACTOR.

The United States is not liable to a third person for damages to his building, occasioned through the negligence of a contractor engaged in public work.

3. NEGLIGENCE ☞14—ACTIONS—RIGHT TO MAINTAIN.

Where a contractor engaged in public work for the United States was guilty of negligence, which damaged the building of a third person, such third person has a right of action against the contractor.

4. INDEMNITY ☞9(1)—CONSTRUCTION—BOND.

Where the contract of one engaged in work for the United States provided that the contractor should be responsible for all damages to person or property which might occur in connection with the prosecution of the work, and a bond given was conditioned that the contractor should fulfill all covenants of the contract, the provisions of the contract were intended for the benefit of the United States alone, and a third person, whose property was injured through the negligence of the contractor, has no rights under the contract.

5. INDEMNITY ☞15(2)—ACTIONS—RIGHT OF ACTION.

In such case, as neither the bond nor the contract contained any agreement that the United States might, in event of the contractor's failure to pay persons damaged, no recovery could be had against the contractor or bond by the United States, suing for the use of the third person whose property was damaged; such person in no way being a party to the agreement.

6. INDEMNITY ☞15(2)—ACTIONS—RIGHT TO MAINTAIN.

In such case, as the United States suffered no injury by reason of the contractor's negligence, it had no right to maintain an action on the contract and bond.

At Law. Action by the United States, for the use of the Carnegie Institute of Technology, a corporation, against the C. A. Riffle Company, a corporation, and another. Action dismissed.

E. Lowry Humes, U. S. Atty., and Van A. Barrickman, Asst. U. S. Atty., both of Pittsburgh, Pa., for use plaintiff.

A. J. Barron and McKee, Mitchell & Alter, all of Pittsburgh, Pa., for defendants.

THOMSON, District Judge. The American Fidelity Company, in its affidavit and supplemental affidavit of defense, alleges as a matter of law that the plaintiff's statement of claim discloses no cause of action against it, which question of law so raised must be decided by the court under section 20 of the Pennsylvania Practice Act of 1915, which takes the place of a demurrer.

The facts, briefly, are these: The defendant, C. A. Riffle Company, a corporation, on April 10, 1915, entered into a contract with the United States government to do certain work of general excavating and filling, in connection with the experimental station for the Bureau of Mines at Pittsburgh, Pa. The corporation gave its bond, with the American Fidelity Company as surety, in the sum of $14,000, with the condition, inter alia, that the obligor "shall well and truly fulfill all the covenants and conditions of the said contract above referred to." The contract itself, on page 5, provided that the contractor will "be responsible for all damages to person or property which may occur in connection with the prosecution of the contract." It is alleged that,

while engaged in the prosecution of the work, the contracting company, through negligence in blasting, injured the roof and broke certain windows in the machinery hall building of the Carnegie Institute of Technology, the repair of which cost the said Institute $129.55; that the Institute made demand from the contracting company and also from the surety company for payment, which payment they neglected and refused to make. To recover the cost of repair, this action is brought by the United States, for the use of the Institute; the plaintiff claiming in its statement the amount of the bond.

[1] It is perfectly clear that this suit could not be maintained under the act of Congress of February 24, 1905, amending the act of August 13, 1894, "for the protection of persons furnishing materials and labor for the construction of public works." The claim is for repairs made on the building of the use plaintiff, and not for any building erected or work done under the contract. No attempt was made to bring this action in accordance with the provisions of the acts of Congress above cited; and besides such action would have been barred by the time limit prescribed in the act itself.

[2-6] I think these propositions may be safely asserted:

First. The right to recover in this action stands as if the above-recited acts of Congress had never been passed.

Second. The United States is not liable to the Institute for the damages occasioned by its contractor in the negligent execution of the work which the latter contracted to perform.

Third. For such negligence, resulting in injury, the Institute could maintain an action against the contractor.

Fourth. The provisions in the contract between the United States and the Riffle Company were intended for the benefit of the United States and no other person. If the action were on the contract, and not on the bond, the Institute, not being a party to that contract, would have no standing.

Fifth. The action being brought upon the bond securing the faithful performance of the conditions of the contract gives the Institute no other or higher rights. There is no covenant or promise in that instrument, made by the United States, to pay third parties any damages suffered, if the contractor fails to pay. It follows that, not being a party to the obligation, the Institute could maintain no action on the bond in its own name, and making itself use plaintiff did not change its status. These principles are sustained in First M. E. Church v. Isenberg, 246 Pa. 221, 92 Atl. 141; Foundry Co. v. National Surety Co., 92 Fed. 549, 34 C. C. A. 526; Eberhart v. United States, 204 Fed. 884, 123 C. C. A. 180.

Sixth. The United States, having sustained no damage, could maintain no action in its own name, and this action, being for the benefit of the Carnegie Institute of Technology on a contract to which the latter was not a party, and in which it has no legal interest, cannot be maintained.

The action should therefore be dismissed; and it is so ordered.