## NATIONAL SURETY CO. v. BROWN–GRAVES CO.

(Circuit Court of Appeals, Sixth Circuit.
July 15, 1925.)

No. 4357.

1. **Mechanics' liens ⚖═315—Bond held not to inure to benefit of those furnishing labor and material for construction of building.**

Bond running to trustee for mortgage bondholders, providing that proposed building should be erected free and clear of any and all liens and incumbrances arising from claims of those furnishing labor and materials therefor, *held* not to inure to benefit of those furnishing labor and material.

2. **Mechanics' liens ⚖═313—Plaintiff's reliance on bond when furnishing material for construction of building held not to enlarge obligations or purposes for which bond was executed.**

That plaintiff furnishing material in construction of a building relied on bond running to trustee under mortgage thereon, providing that building should be constructed free from any liens arising from labor and material furnished in its construction, did not enlarge the obligations of the bond or purposes for which it was executed.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Action by the Brown-Graves Company against the National Surety Company. Judgment for plaintiff, and defendant brings error. Reversed.

T. H. Hogsett, of Cleveland, Ohio (Tolles, Hogsett, Ginn & Morley, of Cleveland, Ohio, on the brief), for plaintiff in error.

Luther Day, of Cleveland, Ohio (Day & Day and Simmons, De Witt & Vilas, all of Cleveland, Ohio, on the brief), for defendant in error.

Before DONAHUE and MOORMAN, Circuit Judges, and TUTTLE, District Judge.

MOORMAN, Circuit Judge. The Wade Chateau Company, lessee of a lot in Cleveland, for the purpose of obtaining money to construct a building upon the lot, issued $100,000 of bonds, and to secure them executed a first mortgage deed of trust upon the leasehold to the Guardian Savings & Trust Company, of Cleveland, Ohio, as trustee for the bondholders. In the deed of trust there was a building clause which provided that the Chateau Company would construct on the premises a new building of the value of $165,000, which upon completion should be free from "all liens or liability for liens under any materialmen's, mechanics', laborers'

or other similar lien laws or the possibility thereof resulting from said improvement and fully paid for," and that it would furnish to the trustee a bond in the penal sum of $50,000, conditioned that the company would erect the building according to prescribed plans and specifications. The bond was furnished with the National Surety Company as surety. It ran to "the Guardian Savings & Trust Company, a corporation of Cleveland, as trustee for the bondholders under the mortgage." The building clause in the deed of trust was by reference incorporated into the bond, which contained a provision to the effect that the building would be erected "in the manner provided in said mortgage of trust, * * * free and clear of any and all liens and incumbrances arising from the claims of architects, mechanics, materialmen, laborers and others for labor done and material furnished," etc.

After the execution and delivery of the bond the Brown-Graves Company furnished material of the value of $16,372.35 to the Chateau Company to be used in the building. The latter company became insolvent, and its creditors, including the Brown-Graves Company, asserted liens on the building, which was sold subject to the mortgage bonds and the proceeds distributed among the creditors, leaving a balance due the Brown-Graves Company of $13,252.35. The security of the bondholders was unimpaired by this proceeding, the bonds then being and remaining a first lien on the building. This action was brought by the Brown-Graves Company to recover of the surety on the bond the balance due it from the Wade Chateau Company. The facts were stated in the petition and judgment was rendered thereon after defendant's demurrer thereto had been overruled and it had declined to plead further.

[1, 2] The sole question presented is whether the obligations of the surety on the building bond inured to the benefit of those furnishing labor and material for the construction of the building. It is important to note that the Chateau Company constructed the building in the manner provided in the plans and specifications, and at the time this suit was brought there were no labor or materialmen's liens on it. The lower court based its decision on Royal Indemnity Co. v. Northern Ohio Granite & Stone Co., 100 Ohio St. 373, 126 N. E. 405, 12 A. L. R. 378. The mechanic's lien law of the state was not applicable in that case because of the public nature of the structure; and the court proceeded on the theory that the city, knowing

that fact, might "have had in contemplation the protection of mechanics and materialmen who could not obtain a valid lien upon this structure," holding that it was the "evident intention" of the bond to protect them in furnishing labor and material. Lyman v. City of Lincoln et al., 38 Neb. 794, 57 N. W. 531, also involved a public building. In neither of those cases were the claims of the laborer or materialman protected by a lien law or the title or interest of the owner jeopardized by the contractor's failure to pay them; and in each case the stipulation in the bond under which the surety was held could have been inserted for no other purpose than to protect those who furnished labor and material. In this case the lien right existed, it was paramount to the interest of the owner, and, while it did not take precedence over the rights of the bondholders, its enforcement might have depreciated or impaired their security. Hence we have an entirely different case as to the intent of the bond.

The Brown-Graves Company was not a party to this bond or to the consideration inducing its execution. The covenant was to erect the building "free from all liens, except the mortgage liens on said leasehold estate," and a condition was that the building should be erected "in the manner provided in said mortgage deed of trust and in said plans and specifications, * * * free and clear of any and all liens and incumbrances arising from the claims of architects, mechanics, materialmen, laborers and others for labor done and material furnished in and about the construction of said building," etc. These conditions were imposed to protect the bondholders, who had a selfish interest in the completion of the building according to the plans and specifications, free of liens. Liens were asserted against the building, but they have all been discharged. The bondholders are not complaining. But, if they were, plaintiff could not maintain this action, unless it could be said that the bond was executed for its benefit as well as the bondholders'. As said in Simson v. Brown, 68 N. Y. 355, and approved in Constable v. National Steamship Co., 154 U. S. 51, 14 S. Ct. 1062, 38 L. Ed. 903: "It is not every promise made by one to another, from the performance of which a benefit may ensue to a third, which gives a right of action to such third person, he being neither privy to the contract, nor to the consideration. The contract must be made for his benefit as its object, and he must be the party intended to be benefited." The test is whether it was the purpose of the

bond to include in its protection collateral interests. It is not conceivable to us that it was. Plaintiff's reliance on the bond at the time the material was furnished does not enlarge its obligations or the purposes for which it was executed. Nor did an incidental interest in the full performance of the building contract change the situation, for those who had the right to look to the bond for indemnity are to be found in its terms and intendment, which we think clearly exclude plaintiff as a beneficiary.

The judgment is reversed.