UNITED STATES for Use of SPENCER v.
MASSACHUSETTS BONDING & INS.
CO. et al.

(Circuit Court of Appeals, Sixth Circuit.
April 5, 1927.)

No. 4638.

1. **Courts** ⬤➾284—*Federal court had jurisdiction on removal of suit on statutory bond of contractor for government work.*

Federal court *held* to have jurisdiction on removal of suit on statutory bond of contractor for government work.

2. **United States** ⬤➾67(2)—*Bond given by contractor for government work is for protection only of United States and persons supplying labor and materials (Comp. St. § 6923).*

Liability of the surety on the bond of a contractor for government work given under Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923), is measured by the conditions of the bond as prescribed by the statute; the bond being exacted in the interest of the United States and of persons supplying labor and materials.

3. **United States** ⬤➾67(2)—*Surety on bond of contractor for government work held not liable for personal injury occurring during work (Comp. St. § 6923).*

A provision in a contract for government work that the contractor "shall be responsible for all damages to person or property which may occur in connection with the prosecution of the work" is intended to allocate responsibility as between the United States and the contractor, and does not impose any liability on the contractor to which he would not otherwise be subject, nor does it give a right of action on his bond given under Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923), for a personal injury occurring in the prosecution of the work.

In Error to the District Court of the United States for the Middle District of Tennessee; *John J. Gore,* Judge.

Action at law by the United States, for the use of Mattie L. Spencer against the Massachusetts Bonding & Insurance Company and others. Judgment for defendants, and plaintiff brings error. Affirmed.

T. T. McCarley, of Nashville, Tenn. (Jas. P. Atkinson and Richard M. Atkinson, both of Nashville, Tenn., on the brief), for plaintiff in error.

P. D. Maddin and Lowe Watkins, both of Nashville, Tenn., for defendants in error.

Before DENISON and MOORMAN, Circuit Judges, and WESTENHAVER, District Judge.

WESTENHAVER, District Judge. Plaintiff in error, also plaintiff below, brought an action upon a bond given by Norman Ker Company, with the defendant bonding companies as sureties, for the performance of a written contract dated September 7, 1916, made by said company with the United States for certain extensions and changes in the post office and custom house at Nashville, Tenn. Her action was begun as a suit in equity in the state court, and was duly removed to the United States District Court. After such removal, the case was, on motion, transferred to the law side of the court. Thereafter the parties stipulated that the bill was to be taken as a declaration at law, that certain pleas previously filed were to be taken as defenses set up by demurrer, plea, or answer, and that all informalities in the pleadings were waived, in order that the case might be tried and decided on its merits. A jury trial was waived in writing, and the facts were agreed and found. Judgment was rendered for defendants, from which this writ of error is prosecuted.

The bond sued on was exacted by the United States pursuant to the provisions of the Act of August 13, 1894, as amended by Act of February 24, 1905 (U. S. Comp. Stat. § 6923). As this is an old statute and has been often before the courts, its provisions need not be quoted. They are cited in full in the margin in Texas Cement Co. v. McCord, 233 U. S. 157, 34 S. Ct. 550, 58 L. Ed. 893. Defendants contend that the bond is purely statutory, imposing no other and different liabilities than are imposed by the terms of that act, and that no one has acquired any greater or other rights and remedies than are thereby conferred. The plaintiff, on the other hand, contends that it contains provisions giving her a right of action outside of and in addition to the statutory rights and liabilities and not subject to all the restrictions of the statute. This contention, together with the provisions of the bond and contract from which it is deduced, will be later stated in detail.

The contract of Norman Ker Company with the United States was fully performed, and on November 24, 1920, a certificate of final settlement was issued. On June 6, 1921, a suit was brought in the name of the United States by William Wilby against the contractor and sureties, such as is authorized by the statute. Publication was duly ordered and made. On February 28, 1922, judgment was rendered in favor of all persons who had furnished labor and materials and who had intervened within twelve months from the date of final settlement. These judgments were settled and that case finally disposed of.

Plaintiff, although having notice thereof, did not intervene.

Her claim is not for labor and materials. It is a judgment for damages ensuing upon the wrongful death of her husband, Doss Spencer. He was an employee of the Norman Ker Company, and met his death under such circumstances as gave the plaintiff a right of action. She recovered a verdict and judgment for $10,000, which was later affirmed by the Supreme Court of Tennessee. It is this claim which she now seeks to enforce in this action.

If the bond is purely statutory and contains no valid provisions giving plaintiff other and different rights, it is apparent that the judgment below was right. Plaintiff's counsel concede that her claim is not within the terms of the act, even under the liberal construction given thereto in Brogan v. National Surety Co., 246 U. S. 257, 38 S. Ct. 250, 62 L. Ed. 703, L. R. A. 1918D, 776. All persons coming within its terms must seek relief in the manner and within the time therein provided. They cannot sue until after the lapse of six months from the final settlement between the contractor and the United States. Only one suit on the bond can be brought, and it must be begun not earlier than six months nor later than twelve months after the final settlement. It must be brought in the District Court of the United States in the district in which the contract was to be performed and executed, and not elsewhere. All other persons within the terms of the act must intervene in that suit, and must do so within one year from the date of such final settlement. The United States is entitled to priority over all other claimants. If the bond is not sufficient to pay all other claimants, then they are to be paid pro rata. See Mankin v. Ludowici-Celadon Co., 215 U. S. 533, 30 S. Ct. 174, 54 L. Ed. 315; Texas Cement Co. v. McCord, 233 U. S. 157, 34 S. Ct. 550, 58 L. Ed. 893; Illinois Surety Co. v. Peeler, 240 U. S. 214, 36 S. Ct. 321, 60 L. Ed. 609; Illinois Surety Co. v. John Davis Co., 244 U. S. 376, 37 S. Ct. 614, 61 L. Ed. 1206. The principle announced and applied in these cases is that the statute creates a new liability and gives a new special remedy, and hence the limitations upon such liability become a part of the right conferred, and compliance with them is made essential to the assertion and benefit of the liability itself.

The defenses asserted and relied on as a bar to plaintiff's present right of action are: (1) That this court has not jurisdiction of the subject-matter, for the reason that an action could not be brought on this bond in a state court; (2) that the action is barred because plaintiff did not intervene in the former suit and does not assert her claim within twelve months from the date of the final settlement; (3) that the bond, being purely statutory, any provision inserted therein attempting to give plaintiff the rights and remedies now asserted, will be void because repugnant to the statutory provisions; (4) that the terms of the bond, properly understood, contain no provision imposing an obligation to pay plaintiff's claim, or conferring on her any right of action on the bond. In the view we take of the case, it is necessary to consider only the first and fourth defenses.

[1] That the District Court had jurisdiction to determine the merits of the case is established by General Investment Co. v. New York Central R. R. Co., 271 U. S. 228, 46 S. Ct. 496, 70 L. Ed. 920. The judgment proper to be entered is and was one determining those merits, and not one dismissing the case for want of jurisdiction.

[2, 3] Upon the merits, we are of opinion that the fourth defense is sound, and the judgment below is correct. The contract and bond, rightly understood, contain no provisions tending to show that plaintiff or other claimants of like nature were intended to be included within its benefit and protection. The bond is in the usual form. It runs to the United States. Its penal clause binds the principal and sureties only to the United States. The conditions are only for the faithful performance of all undertakings, covenants, terms, and conditions of the contract of Norman Ker Company with the United States, copy of which is attached, and for the prompt payment to all persons supplying labor or materials in the prosecution of the work provided for in that contract. The first part of these conditions runs exclusively to the United States, and is apparently designed to benefit and protect the United States and no other person. The second part of the condition is for the benefit of third persons of a certain class. Read in connection with the statute, it is apparent that this part of the condition is for the benefit and protection of all persons supplying labor or materials in the prosecution of the work, and that a right of action is thereby conferred upon them. If the statute had not also regulated and limited the remedy, such persons might assert that right by any appropriate action in any forum where process could be served. It was so held under the act of 1894 (28 Stat. 278), prior to the

1905 amendment, and also that the United States was not entitled to priority. See U. S. Fidelity Co. v. Struthers-Wells Co., 209 U. S. 306, 28 S. Ct. 537, 52 L. Ed. 804; Davidson Marble Co v. Gibson, 213 U. S. 10, 29 S. Ct. 324, 53 L. Ed. 675.

Obviously, plaintiff is not within the second part of the condition. If she has any right, it is under the first part of the condition running exclusively to the United States. Turning to the contract attached to the bond, we find therein no clause specifically requiring payment of the claims of third persons, not even of persons supplying labor and materials. This obligation is found in the bond and in the statute. The contract contains only certain clauses indemnifying the United States. One is a general obligation on the part of the contractor to hold and save the United States harmless from certain demands not material to the present inquiry. Immediately following, is another clause, quoted in full in the margin.[1] It is from the words found therein, "and be responsible for all damages to person or property," that plaintiff deduces her right to recover. This language, it is urged, imports a promise on the part of the contractor to pay all damages to person or property inflicted during the prosecution of the work; that it is one of the undertakings and terms of the contract the performance of which is guaranteed by the bond; and hence a contract was intended to be created for her benefit of such a nature as entitles a third person to sue upon a covenant to which that person is not a party or privy.

We do not think the contract and bond admit of this construction. These isolated words cannot be lifted from the context and given such a broad interpretation. Even if

[1] "It is further covenanted and agreed by and between the parties hereto that the said party of (6) the second part will, without expense to the United States, comply with all the municipal building (7) ordinances and regulations, in so far as the same are binding upon the United States, and (8) obtain all required licenses and permits, and be responsible for all damages to person or property (9) which may occur in connection with the prosecution of the work; that all work called for by (10) the drawings and specifications, though every item be not particularly shown on the first or (11) mentioned in the second, shall be executed and performed as though such work were particularly (12) shown and mentioned in each, respectively, unless otherwise specifically provided; and that said (13) party of the second part shall be responsible for the proper care and protection of all materials (14) delivered and work performed by said party of the second part until the completion and final (15) acceptance of same."

the word "responsible" is convertible with the words "will pay," which we think it is not, isolated clauses in a contract or bond cannot be given a meaning or construction which conflicts with the general intent of the bond as disclosed by its more specific provisions. These words are found in a clause indemnifying and protecting the United States. They are not associated with provisions requiring payment by the principal contractor of claims for labor and material. Their obvious purpose was to allocate responsibility as between the United States and the contractor, and to foreclose claims either by the contractor or third persons against the United States for damage to person or property. It is not conceivable that they were intended to impose on the contractor a liability where none otherwise would exist. They are not broad enough to bring the case within the rule or authority of that class of cases holding that third persons, strangers to a contract, may sue on provisions therein inserted with the intention and object of benefiting and protecting them. This rule has been liberally applied to public contracts in favor of persons supplying labor and material, as will appear from Royal Indemnity Co. v. Northern Ohio Granite & Stone Co., 100 Ohio St. 373, 126 N. E. 405, 12 A. L. R. 378; Lyman v. City of Lincoln, 38 Neb. 794, 57 N. W. 531. But the present case is not, either in principle or upon the facts, within the purview of these and similar cases. In all of that class of cases it was found and held that the contract had been made for the benefit of such third person, and that such was the intention of the contracting parties. In United States v. C. A. Riffle Co. (D. C.) 247 F. 374, it was held that an exactly similar provision in a statutory bond given under the act of 1905 did not inure to the benefit of a third person whose property was damaged by the contractor in the prosecution of the work. We concur in the soundness of that conclusion.

In principle, the present case is controlled by the doctrine of National Surety Co. v. Brown-Graves Co. (6 C. C. A.) 7 F.(2d) 91, and similar cases, among others, Simson v. Brown, 68 N. Y. 355; Vrooman v. Turner, 69 N. Y. 280, 25 Am. Rep. 195; First M. E. Church v. Isenberg, 246 Pa. 222, 92 A. 141. If the clause in question imports a promise to the United States to pay damage to person or property, in the absence of any liability on the United States, it is not one which gives a right of action to a third person who is not privy to the contract or to the consideration. Such benefit as the third

person might derive indirectly from its performance is not the equivalent of a contract with his benefit and advantage as its object and with the intention of benefiting or protecting him.

The sweeping nature of plaintiff's contention makes strongly against the soundness of the construction of this bond asserted on her behalf. In order to admit her contention, it is necessary to find the legal equivalent of two bonds; one a statutory bond subject to the statutory limitations of rights and liabilities, and the other a voluntary bond outside of those limitations and liabilities. We express no opinion as to whether a provision of this nature inserted in a statutory bond would make it void because of the inconsistency between such a provision and the statutory rights and liabilities created in favor of the United States and persons furnishing labor and materials. This inconsistency is, however, a circumstance not to be ignored in construing the contract. If the clause in question is independent and outside of the statutory rights and limitations, then plaintiff might bring her action at any time as well before the final settlement as after the statutory bar of one year. The bond is exacted in the interest of the United States, as well as in the interest of persons supplying labor and materials. The United States has a direct interest in getting this contract performed, which might be seriously interfered with if the contractor was subject to suits on its bond prior to the date fixed by statute, with the resulting impairment of the contractor's credit. The sureties on the bond likewise have a direct interest for the same reason and for the additional reason that, if they take collateral from the principal, they have a right to know when it may be safely surrendered. In this case, plaintiff asserts a right outside of the statutory limitations to bring this suit elsewhere than in a District Court, and after the bar of the statute has run. Counsel seem unwilling to follow this position to its logical conclusion that, if one right is outside, then all plaintiff's rights are outside of and in addition to the limitations of the bond. If the rights asserted are conceded, then the plaintiff's claim may be superior to that of the United States and other labor and material claimants. To avoid these inadmissible consequences, it is suggested that the United States is entitled to priority, and that claimants like plaintiff may not sue until after the lapse of six months. But this modification of the contention that a common-law bond is created outside of the provisions of the stat-

ute leads to the result that the court must make by construction a mongrel contract for the parties, neither common law nor statutory. The sensible conclusion is that the provision in question is not susceptible of the meaning and construction which plaintiff seeks to extract from it. It follows that, whatever the phrase, "responsible for all damages to person or property," may mean, it does not import a covenant for the plaintiff's benefit such as permits an independent suit.

The judgment of the court below is affirmed, with costs.