BROTHERTON et al.

v.

MERRITT–CHAPMAN &
SCOTT CORP.

No. 227, Docket 22891.

United States Court of Appeals
Second Circuit.

Argued May 4 and 5, 1954.

Decided June 2, 1954.

478

Winthrop, Stimson, Putnam & Roberts, New York City (Allen T. Klots, Merrell E. Clark, Arthur E. Pettit, New York City, of counsel), for plaintiffs-appellants.

Guggenheimer & Untermyer, New York City (Abraham Shamos, Harry Hoffman, New York City, Norman Hammer, Leon H. Tykulsker, Brooklyn, N. Y., of counsel), for defendant-appellee.

Before CLARK, FRANK and MEDINA, Circuit Judges.

FRANK, Circuit Judge.

1. Article 13, especially when read in the light of SC–22b of the Specifications, was intended solely for the government's benefit and not for the benefit of other contractors as third-party beneficiaries. We think this so clear that we content ourselves with a mere citation of leading cases. See German Alliance Insurance Co. v. Home Water Co., 226 U.S. 220, 230, 33 S.Ct. 32, 57 L.Ed. 195; Moch Co. v. Rensselaer Water Co., 247 N.Y. 160, 164, 159 N.E. 896, 62 A.L.R. 1199; Reed v. Adams Steel & Wire Works, 57 Ind. App. 259, 106 N.E. 882; United States for Use of Spencer v. Massachusetts Bonding & Ins. Co., 6 Cir., 18 F.2d 203; Corrigan Transit Co. v. Sanitary Dist. of Chicago, 7 Cir., 137 F. 851, 857; United Dispatch v. E. J. Albrecht Co., 135 W.Va. 34, 62 S.E.2d 289, 295–296.

It may be added that Brotherton has found not a single other case in which a contractor with the United States, under this standard form of contract, has even ventured to assert that such a clause was designed to cover him.

Article 10 was obviously meant to indemnify the government alone. Indeed the Brotherton brief concedes that "Article 10 does not, in our judgment, add to the affirmative promise of Article 13 upon which plaintiff principally relies."

We think the trial judge's decision in the foregoing respects so unquestionably correct that we deem it unnecessary to consider (1) whether, even if these contractual provisions were intended for Brotherton's benefit, the evidence (as the judge found) showed no breach; or (2) whether the jury's verdict on the

second and third causes of action rendered harmless the error, if one there was, in the dismissal of the first cause of action.

Affirmed.