213 F.2d 477
 BROTHERTON et al.
v.
MERRITT-CHAPMAN & SCOTT CORP.
 No. 227.
 Docket 22891.
 United States Court of Appeals Second Circuit.
 Argued May 4 and 5, 1954.
 Decided June 2, 1954.
 
 In 1947, plaintiffs (for convenience sometimes referred to collectively as Brotherton) were awarded a contract with the United States to construct a portion of the buildings constituting the Franklin Delano Roosevelt Hospital at Peekskill, New York. The defendant, Merritt-Chapman & Scott Corporation, was awarded a contract with the United States, at about the same time, to construct substantially the remainder of the hospital, including all the utilities work. Except for the work to be done and the price, the two contracts were substantially identical, being in the standard form of construction contracts used by the United States for many years. Each contract contained the following provisions:
 "Art. 10. Permits and Responsibility for Work. The contractor shall obtain all required licenses and permits. He shall be responsible for all damages to persons that occur as a result of his fault or negligence in connection with the prosecution of the work. Except for `Government property,' as defined in Art. 10A (Liability for Government-owned property), the responsibility for which is as stated in said article, the Contractor shall be responsible for all loss or destruction of or damage to property that occurs as a result of his fault or negligence in connection with the prosecution of the work, and shall be responsible for all materials delivered and work performed until completion and final acceptance. Upon completion of the contract the work shall be delivered complete and undamaged.
 "Art. 13. Other Contracts. The Government may award other contracts for additional work, and the Contractor shall fully cooperate with such other Contractors and carefully fit his own work to that provided under other contracts as may be directed by the Contracting Officer. The contractor shall not commit or permit any act which will interfere with the performance of work by any other contractor."
 The Specifications, made part of each contract, contained the following provisions: "SC-22. Interference with Other Contractors. * * * b. Every effort will be made to schedule and coordinate the operations of all contractors on the job in a manner to facilitate and expedite the operations of each contractor but no guarantee is made to any building contractor that utilities work will be performed in proper time or sequence to suit the needs or convenience of the building contractor."
 Brotherton sued defendant in the court below. Jurisdiction rested on diversity of citizenship. The complaint's first cause of action alleged that defendant caused damages to Brotherton as follows: Defendant did not, in accordance with Articles 10 and 13, cooperate with plaintiffs as required by Articles 10 and 13, but, on the contrary, defendant, through its fault and negligence, interfered with, obstructed and hindered plaintiffs' performance "by unreasonable delay in preparation of the site, * * * in such a way as to make it impossible for the plaintiffs to have proper access to the sites on which their work was to be performed at the time required by the plaintiffs in order to perform their work promptly"; as "a result of said interference," plaintiffs "were delayed and put to greater expense" and their "costs were enormously increased." The second and third causes of action were based, not on a contractual liability of defendant, but on defendant's tortious interference with plaintiffs' performance of their contract.
 At the trial, the judge granted defendant's motion, made at the close of the plaintiffs' case, to dismiss the first cause of action. He denied defendant's motion to dismiss the other causes of action or to direct a verdict thereon. Defendant rested without offering any proof; the jury returned a verdict for defendant and judgment was entered thereon.
 The sole error assigned by Brotherton on this appeal is that the trial judge erred in dismissing the first cause of action.
 Winthrop, Stimson, Putnam & Roberts, New York City (Allen T. Klots, Merrell E. Clark, Arthur E. Pettit, New York City, of counsel), for plaintiffs-appellants.
 Guggenheimer & Untermyer, New York City (Abraham Shamos, Harry Hoffman, New York City, Norman Hammer, Leon H. Tykulsker, Brooklyn, N. Y., of counsel), for defendant-appellee.
 Before CLARK, FRANK and MEDINA, Circuit Judges.
 FRANK, Circuit Judge.
 
 
 1
 1. Article 13, especially when read in the light of SC-22b of the Specifications, was intended solely for the government's benefit and not for the benefit of other contractors as third-party beneficiaries. We think this so clear that we content ourselves with a mere citation of leading cases. See German Alliance Insurance Co. v. Home Water Co., 226 U.S. 220, 230, 33 S.Ct. 32, 57 L.Ed. 195; Moch Co. v. Rensselaer Water Co., 247 N.Y. 160, 164, 159 N.E. 896, 62 A.L.R. 1199; Reed v. Adams Steel & Wire Works, 57 Ind. App. 259, 106 N.E. 882; United States for Use of Spencer v. Massachusetts Bonding & Ins. Co., 6 Cir., 18 F.2d 203; Corrigan Transit Co. v. Sanitary Dist. of Chicago, 7 Cir., 137 F. 851, 857; United Dispatch v. E. J. Albrecht Co., 135 W.Va. 34, 62 S.E.2d 289, 295-296.
 
 
 2
 It may be added that Brotherton has found not a single other case in which a contractor with the United States, under this standard form of contract, has even ventured to assert that such a clause was designed to cover him.
 
 
 3
 Article 10 was obviously meant to indemnify the government alone. Indeed the Brotherton brief concedes that "Article 10 does not, in our judgment, add to the affirmative promise of Article 13 upon which plaintiff principally relies."
 
 
 4
 We think the trial judge's decision in the foregoing respects so unquestionably correct that we deem it unnecessary to consider (1) whether, even if these contractual provisions were intended for Brotherton's benefit, the evidence (as the judge found) showed no breach; or (2) whether the jury's verdict on the second and third causes of action rendered harmless the error, if one there was, in the dismissal of the first cause of action.
 
 
 5
 Affirmed.