**McARTHUR et al. v. ROSENBAUM CO. OF PITTSBURGH.**

Civ. A. No. 7583.

United States District Court
W. D. Pennsylvania.

March 30, 1949.

Order Amending Opinion March 31, 1949.

Mahlon E. Lewis, of Pittsburgh, Pa., for plaintiffs.

Frederick E. Milligan, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This action is before the Court on plaintiffs' motion for judgment on the pleadings.

Defendant is in possession of the property involved in this case under two leases dated December 2 and 6, 1912. The plaintiffs, in their petition, aver:

"22. Defendant herein has claimed and continues to claim, under the original leases of 1912, a right or preemption in the lessees and a duty upon the lessors to enter into a new lease agreement with the said defendant on the same terms and conditions that other bona fide parties are willing to enter into an agreement of lease.

"23. Plaintiffs herein have denied and continue to deny the existence of the rights and duties asserted by the defendant, as set forth in paragraph 22 of this petition.

"24. Plaintiffs herein have made a bona fide attempt to negotiate a new lease with defendant, but defendant refuses to agree unless plaintiffs contribute a large sum of money toward the rehabilitation of the premises.

"25. By reason of defendant's assertions as set forth in paragraph 22, supra, plaintiffs are prevented from negotiating a new lease with other bona fide parties, although plaintiffs believe that the property could be profitably rented for utilization of the lower floors as merchandizing space and utilization of the upper floors as loft office space, were it not for the said assertions of the defendant.

"26. A real controversy exists between the plaintiffs and the defendant herein by reason of the defendant's assertions and the plaintiffs are thereby greatly injured by the impairment of plaintiffs' enjoyment of the use and profits of plaintiffs' property."

Plaintiffs, in their prayer for relief, pray:

1. For a declaratory judgment that the "first refusal" clause contained in the agreements of lease dated December 2 and 6, 1912, is superseded by paragraphs (C), (G) and (H) of the agreement dated January 18, 1936, which paragraphs especially modify, change and amend the original provisions for the termination or extension of the term of the lease.

2. That it is too vague and indefinite to be capable of being legally enforced.

3. That it does not run to the benefit of the defendant in the case at bar.

4. That it has been fully satisfied and discharged by plaintiffs' bona fide attempt to negotiate a new lease with the defendant.

Defendant filed an answer which set forth four defenses as follows:

First Defense

The complaint fails to state a claim against defendant upon which relief can be granted.

Second Defense

No actual controversy exists between the parties.

Third Defense

Plaintiff has failed to join as an indispensable party or parties plaintiff who are citizens of the Commonwealth of Pennsylvania.

Fourth Defense

Defendant admits the allegations contained in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 13, 14, 15, 17 and 19 of the complaint; alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint; admits the allegations contained in paragraph 18 that the Agreement of January 18, 1936 was further modified by an Agreement dated April 22, 1936; admits the allegations contained in paragraphs 20 and 21 of the complaint that defendant authorized the writing attached to Exhibit "D"; and denies each and every other allegation contained in the complaint.

As grounds for the motion now before the Court, plaintiffs aver:

1. The "First Defense" raises an issue of law which, if decided adversely to the plaintiffs, would be determinative of the case.

2. The "Second Defense" raises an issue of law which, if decided adversely to the plaintiffs, would be determinative of the case.

3. The "Third Defense" raises an issue of law which, if decided adversely to the plaintiffs, would be determinative of the case.

4. By the "Fourth Defense" defendant does not intend in good faith to controvert the averments which are not expressly admitted, but rather said defendant seeks by general denial to delay the disposition of this case. The "Fourth Defense" should therefore be held to constitute an admission of the plaintiffs' averments which raises issues of law determinative of the merits of the case.

■ The first ground in support of the motion now before the Court cannot be sustained. The Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, provides a remedy for the rights asserted by plaintiffs in their petition.

The second ground in support of the motion now before the Court cannot be sustained. The Pleadings show an actual controversy between the parties.

■ The third ground in support of the motion relates to the third defense, that the plaintiffs have failed to join an indispensable party or parties plaintiff. There is no averment who the party or parties are. The record does not disclose that plaintiffs failed to join an indispensable party or parties as plaintiffs. For the law relating as to who must be joined, see Rule 19 of the Federal Rules of Civil Procedure, 28 U.S.C.A. See also two decisions of the Third Circuit Court of Appeals, namely, Goldwyn, Inc. v. United Artists Corporation, 1940, 113 F.2d 703; Chidester v. City of Newark, 1947, 162 F.2d 598. See also Norton v. United Gas Corporation, D.C.1940, 1 F.R.D. 155. The third ground for judgment cannot be sustained.

■ The fourth ground for judgment, which is fully set forth above, alleges that the general denials in the answer are not made in good faith. The petition contains twenty-six paragraphs alleging averments of fact. The denials are as above set forth. I find no evidence from the pleadings or otherwise, that defendant did not intend in good faith to controvert the averments which are not expressly admitted or that defendant, by general denial, seeks to delay the disposition of the case. The fourth ground in favor of the motion for judgment cannot be sustained.

The leases of 1912 contain the following provision: "It is further agreed that the Lessee shall have the first refusal to make a new lease from the first of April, 1950, upon the herein described property and the building erected thereon."

■ In the petition, plaintiffs pray for a declaratory judgment that the "first refusal" clause contained in the agreements of lease dated December 2 and 6, 1912 is superseded by paragraphs (C), (G) and (H) of the agreement dated January 18, 1936. This prayer of the plaintiffs for a declaratory judgment is not averred as one of the reasons in support of the motion for judgment now before the Court. The same was argued orally. While it may not be material, I am of the opinion that the leases of December 2 and 6, 1912, containing the "first refusal" clause, are still in force and that the "first refusal" clause has not been modified by the agreement of January 18, 1936 or otherwise as appears from the record now before the Court.

The motion for judgment now before the Court should be refused.

### Order Amending Opinion

And Now, to wit, March 31, 1949, it appearing to the Court that the Opinion filed March 30, 1949, in the above-entitled cause is ambiguous as not being declaratory of the Court's intention, and in order to clarify the Court's Opinion, it is ordered that the opinion be, and hereby is, amended to read that the first, second and third grounds in support of the plaintiffs' motion for judgment on the pleadings are sustained for the reasons appearing in the Opinion. In other words, the Court finds that the complaint states a claim against defendant upon which relief can be granted. The pleadings show an actual controversy exists between the parties and the complaint does not show that plaintiff has failed to join an indispensable party or parties plaintiff.