The **JOSCAR COMPANY**, a limited partnership, Plaintiffs,

v.

**CONSOLIDATED SUN RAY, INC.**, and Blauner's, Defendants.

No. 61–C–149.

United States District Court
E. D. New York.

June 28, 1961.

Robert H. Sterling, New York City, for plaintiffs.

No appearance filed for defendants.

MISHLER, District Judge.

Motion by defendant pursuant to Rule 19(b) of the Rules of Civil Procedure, 28 U.S.C.A.

The claim stated in the complaint states that the plaintiff, on or about the 29th day of January 1959, entered into an option agreement with Sun Ray Drug Co., the predecessor company of the defendant, Consolidated Sun Ray, Inc., and the defendant, Blauner's. Under the option agreement, the plaintiff granted the defendants the option to purchase certain land in Fairfax County in the State of Virginia. Paragraph Second of the option agreement provided in part that the option " * * * may be exercised at any time until July 31, 1966 * * * provided in the meantime there shall have been a full and complete performance of all of the terms, covenants and conditions of a certain lease made by The Joscar Company, as landlord, and Sun Ray Drug Co. and Hybla Valley Development Corp., as tenants, dated January 29th, 1959, which lease is being executed simultaneously herewith."

Paragraph 10 of the complaint alleges violations of the lease; paragraph 11 of the complaint alleges that the plaintiff, on or about the 11th day of November 1960, declared the option agreement cancelled by reason of the defaults and breaches of the terms and conditions of the lease.

Plaintiff prays for declaratory judgment " * * * declaring the rights and other legal relations of the parties hereto in respect to the matters set forth * * *." The complaint further prays:

"1. That the defendant, Consolidated Sun Ray, Inc. and Hybla Valley Development Corp., and/or their assignees have breached the terms and conditions of the lease dated January 29th, 1959 between the plaintiff and Sun Ray Drug Co. and Hybla Valley Development Corp."

Rule 19(a) directs that " * * * persons having a joint interest shall be made parties * * *" The interpretation given to the phrase "joint interest" is broader than "joint obligation" or "joint tenancy". The term includes indispensable parties. United States v. Washington Institute of Technology, 3 Cir., 1943, 138 F.2d 25.

The issue posed by this motion turns on whether Hybla Valley Development Corp. is an indispensable or necessary party. Hybla Valley Development Corp. is not subject to the jurisdiction of this Court. If it is an indispensable party, the Court would be constrained to dismiss the action; if a necessary party, the Court within its discretion may direct that the proceeding continue.

In McArthur v. Rosenbaum Co., 3 Cir., 1950, 180 F.2d 617, 13 F.R.S. 19(b) (1) case 6, 9 F.R.D. 1, the Court defined an indispensable party as follows, at page 621:

"The two tests, therefore, as to what constitutes an indispensable party are:

"1) Is the interest of the alleged indispensable party such as will be directly affected legally by the adjudication?

"2) Will the failure to join the alleged indispensable party be inconsistent with equity and good conscience?"

In Choctaw & Chickasaw Nations v. Seitz, 10 Cir., 193 F.2d 456, 458, an indispensable party was defined as " * * * one who has such an interest in the subject-matter of the controversy that a final decree cannot be rendered between the other parties to the suit without radically and injuriously affecting his interest, or without leaving the controversy in such a situation that its final determination may be inconsistent with equity and good conscience."

In Dunham v. Robertson, 10 Cir., 1952, 198 F.2d 316, at page 319, the Court, after restating its definition of indispensable parties in Choctaw & Chickasaw

Nations v. Seitz, supra, defined necessary parties thusly:

"Necessary parties are sometimes said to be those within the jurisdiction of the court whose presence is necessary to a complete adjudication of the controversy but whose interests are separable and of such a nature that the court may proceed to final judgment in their absence without adversely affecting them."

In Moore on Federal Practice, 2d Edition, Volume 3, at page 2151, the author says:

"Parties have been held indispensable because their 'rights are so entangled with one another that it is practically impossible in the decree to protect those that are absent.'"

At page 2154, the author makes the following observation:

"In spite of the simplicity of the principles, however, their application to cases in which it is essential to distinguish between necessary and indispensable parties, bears out the statement made by the Supreme Court that 'there is no prescribed formula for determining in every case whether a person or corporation is an indispensable party or not.' On the one hand is the desirability of preventing a multiplicity of suits and that there might be a complete and final decree between all the parties interested. Opposed to this is the desirability of having some adjudication, if at all possible, rather than none, that leaves the parties remediless due to an ideal desire to have all the interested persons before the Court."

In this case, a declaration as prayed for in the complaint would clearly affect the rights of Hybla Valley Development Corp. and the assigns of the said Corporation. To the argument, that the decree is not an adjudication against Hybla Valley Development Corp. is the observation that the rights in the lease of Hybla Valley Development Corp. and its assigns are "so entangled" with Consolidated Sun Ray, Inc., that it is "practically impossible in the decree to protect" the rights of the said tenants who are absent. On the other hand, the object of the action is not to declare the rights and liabilities under the lease but, rather, to declare the option agreement null and void by reason of the violation of the terms of the lease. Were the parties interested in the option, disinterested in the lease, it would be clear that an action to adjudicate the rights of the parties in the option would not require the presence of the parties to the lease though the option depended upon performance of the lease. Were the defendant, Consolidated Sun Ray, Inc., disinterested in the lease, the Court would have no difficulty in finding that the parties interested in the lease were not indispensable to this action. This apparent difficulty can be resolved by eliminating from the adjudication in this matter any rights that the defendant, Consolidated Sun Ray, Inc., may have in the lease dated January 29th, 1959, and providing that any adjudication made in this action shall not be determinative of the rights of the said defendant in the lease. Along the lines so defined, the absent party will not be prejudiced by an adjudication against the present party. The Court may thereby classify the absent party or parties as necessary. In any action on the lease, a finding by this Court that the terms and conditions of the lease were breached shall not be admissible, determinative or an adjudication on the issue of breach against the defendant, Consolidated Sun Ray, Inc.

Motion denied. The order shall make provision defining the effect of a final judgment or decree in this action, in accordance with this opinion.