**Richard J. GALANTE, Plaintiff,**

v.

**Donald J. QUIGG, Commissioner of Patents and Trademarks, Defendant.**

**Civ. A. No. 87–1946 (RCL).**

United States District Court, District of Columbia.

March 17, 1988.

---

George E. Kersey, Washington, D.C., for plaintiff.

John C. Martin, Associate Sol. (argued) (Fred C. McKelvey, Deputy Sol., and Joseph F. Nakamura, Sol. (at the time the brief was filed) with him on the brief), Patents and Trademark Office, Arlington, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

LAMBERTH, District Judge.

Defendant has moved to strike plaintiff's jury demand and to join Dennison Manufac-turing Company as a party plaintiff. For the following reasons both motions will be granted.

I

Plaintiff brought this action to review an adverse decision of the Board of Patent Appeals and Interferences based upon 35 U.S.C. § 145, and requested a trial by jury. Defendant has moved to strike plaintiff's jury demand, arguing that the United States has not waived its sovereign immunity under § 145 so as to permit a jury trial.

■ Plaintiff argues that the term "civil action" in 35 U.S.C. § 145 implies both legal and equitable remedies, and identifies several alleged common law aspects of an action to challenge a decision of the Board of Patent Appeals and Interferences. Plaintiff also reads the legislative history of § 145 to suggest that it changes the substance of a suit instituted under that provision from a Bill in Equity to a civil action permitting legal relief and thus properly before a jury. Finally, plaintiff cites *Graham v. John Deere*, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966) for the proposition that complex patent cases are properly decided by juries.

Despite plaintiff's attempts to distinguish *Lehman v. Nakshian*, 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981), the Supreme Court's decision in that case is controlling here. Plaintiff's interpretation of the term "civil action" is simply irrelevant in the face of *Lehman*. In that case, the Supreme Court had before it a statute that expressly authorized "legal or equitable relief"; nevertheless, the Court rejected the claimed right to a jury trial on the ground that "the Seventh Amendment has no application in actions at law against the Government, as Congress and this Court have always recognized." 453 U.S. at 163, 101 S.Ct. at 2703. The Court refused to attach any significance to the word "legal" in that statute; to derive a right to a jury trial from the term "civil

"action" would be an even greater stretch of interpretive imagination.[1]

Plaintiff's reading of the legislative history of § 145 is also unconvincing. In essence, he assumes that the replacement of a Bill in Equity by a civil action implies a corresponding jury right even though none is mentioned. Again, the Supreme Court's decision in *Lehman* would require the explicit inclusion of the right to a jury trial under § 145; it may not be inferred from the legislative history, especially where a more reasonable interpretation is that no such broad departure was intended: "This group of sections makes no fundamental change in the various appeals and other review of Patent Office action, but has made a few changes in the procedure in various instances ... [t]hese details are mainly procedural." S.Rep. No. 1979, 82d Cong., 2d Sess. (1951) *reprinted in* 1952 U.S.Code Cong. & Admin.News 2394, 2400.

Finally, *Graham v. John Deere, supra,* does not stand for the proposition that patent cases are properly tried before a jury. A better authority is the statement of the court in *Railex Corp. v. Joseph Guss & Sons, Inc.,* 40 F.R.D. 119, 124 n. 5, 148 U.S.P.Q. 640, 644 n.5 (D.D.C.1966), *aff'd* 382 F.2d 179, 154 U.S.P.Q. 256 (D.C.Cir. 1967): "An action under 35 U.S.C. § 145 is a civil non-jury action in the nature of a suit in equity."

## II

■ Prior to filing his patent application, plaintiff Galante assigned his entire right, title, and interest in the application to Dennison Manufacturing Company. Defendant has moved to join Dennison as a plaintiff, arguing that under Rule 17(a) of the Federal Rules of Civil Procedure, Dennison is the real party in interest. Rule 17(a), however, allows a party authorized by statute to sue in his own name, and § 145 expressly grants such authority to "[a]n applicant dissatisfied with the decision of the Board of Patent Appeals and Interferences."

■ Defendant also argues that Dennison is an indispensable party under Rule 19(a). Other judges of this court have recently decided the identical issue in defendant's favor. *See Tompkins v. Quigg,* Civil Action No. 87–1313 (D.D.C. Oct. 2, 1987) (Oberdorfer, J.) [available on WESTLAW, 1987 WL 14778]; *Boyd v. Quigg,* Civil Action No. 87–1647 (D.D.C. Sept. 28, 1987) [available on WESTLAW, 1987 WL 49336] (Gesell, J.); *Russell v. Quigg,* 3 U.S.P.Q.2d 1063, 1064 (BNA) (D.D.C.1987) (Attridge, Mag.) [available on WESTLAW, 1987 WL 13901]. In addition, as Judge Johnson noted in a 1984 case, "it is a long standing principle of U.S. patent law that in the event of a complete assignment of title to a patent only the assignee or the assignee's exclusive licensee has standing to claim protection rights under the patent." *Gilson v. Republic of Ireland,* 606 F.Supp. 38, 41 (D.D.C.1984).[2]

Plaintiff argues that if Dennison is joined, it might elect not to pursue his appeal. But the general rule that a patent applicant who has assigned his interest is a proper party, if not an indispensable one, would seem to obviate plaintiff's asserted fear that if joined, Dennison could choose not to prosecute the action. *United States v. Washington Inst. of Technology,* 138 F.2d 25, 26 (3rd Cir.1943).

On balance, plaintiff Galante will suffer no prejudice as a result of the joinder of Dennison Manufacturing Company, and such joinder will ensure that the issues raised by this suit are fully and finally settled in this action. Defendant's motion is therefore granted, and it shall be defendant's responsibility to effect service upon

---

**1.** Plaintiff also asserts that *Lehman* does not apply because that case involved money damages. There is nothing in the language of that decision, however, to suggest that it was meant to be limited to suits brought for money damages, and plaintiff's argument in this regard is without merit.

**2.** That case was slightly different, because it addressed the question of proper parties *after* a patent had been granted. The reasoning, however, applies here as well.

Dennison Manufacturing Company on or before April 15, 1988.

SO ORDERED.